Michael A. ZANCHI, M.D., Michael A. Zanchi, M.D., P.A., and Paris Regional Anesthesia, P.A., Petitioners,

v.

Reginald Keith LANE, Individually and as Personal Representative of the Estate of Juameka Cynarra Ross, Deceased, et al., Respondents.

No. 11–0826.

Supreme Court of Texas.

Argued Jan. 8, 2013.

Decided Aug. 30, 2013.

Charles G. Bell, Kruger, Bell & Bailey LLP, Michael Alan Yanof, Thompson Coe Cousins & Irons LLP, Dallas, TX, Sara M. Berkeley, Thompson Coe Cousins & Irons LLP, Austin, TX, for Petitioner Michael A. Zanchi, M.D.

Darrell L. Keith, Keith Law Firm PC, Fort Worth, TX, for Respondent Reginald Keith Lane.

Justice LEHRMANN delivered the opinion of the Court.

"In a health care liability claim, a claimant shall, not later than the 120th day after the date the original petition was filed, serve on each party or the party's attorney one or more expert reports...." TEX. CIV. PRAC. & REM.CODE § 74.351(a). Today we determine whether a claimant asserting a health care liability claim (HCLC) complies with section 74.351(a)'s mandate to serve an expert report on a "party" by serving the report on a defendant who has not yet been served with process. Because we construe the term "party" in section 74.351(a) to mean one named in a lawsuit, we hold that he does. We further hold that "service" of an expert report on such a defendant need not comport with the service requirements in Rule 106 of the Texas Rules of Civil Procedure that apply specifically to service of citation. Accordingly, we affirm the judgment of the court of appeals.

## I. Factual and Procedural Background

Juameka Cynarra Ross died after undergoing a splenectomy at Paris Regional Medical Center (the Hospital) in Paris, Texas. On April 21, 2010, Reginald Keith Lane, individually and as personal representative of Ross's estate, filed suit under the Texas Medical Liability Act (TMLA) against anesthesiologist Michael A. Zanchi, M.D., alleging that Zanchi's medical negligence resulted in Ross's death. It is undisputed by the parties that Zanchi was not served with process until September 16, 2010. Lane attributes this delay, at least in part, to Zanchi's conduct, arguing that Zanchi actively evaded service. In the meantime, however, Lane mailed the expert report and curriculum vitae of Jeffrey Wagner, M.D., to Zanchi at five different locations (including the Hospital) by certified mail on August 19, 2010, which was the statutory deadline for serving the report. Four of the mailings were returned unclaimed, but a Chuey Potter signed for the mailing sent to the Hospital. The record does not reflect Zanchi's relationship to Potter, and Zanchi has neither admitted nor denied receiving Wagner's report.

Zanchi filed a motion to dismiss the suit for failure to timely serve an expert report as required by section 74.351(a) of the Texas Civil Practice and Remedies Code. At the hearing on the motion to dismiss, Zanchi specifically argued that he was not a "party" to Lane's suit until he was served with process, so any transmittal of Wagner's report to him before the date on which he was served could not satisfy section 74.351(a). Zanchi did not file any objections to the substance of the expert report. The trial court denied Zanchi's motion to dismiss. The court of appeals, with one justice concurring and one justice dissenting, affirmed, holding that "one is a 'party' if so named in a pleading, whether or not yet served [with process]." *Zanchi v. Lane*, 349 S.W.3d 97, 100 (Tex.App.–Texarkana 2011).

## II. The Expert–Report Requirement and Applicable Legal Standards

■ In order to proceed with an HCLC, a claimant must comply with the expert-report requirement of the TMLA. *See* Tex. Civ. Prac. & Rem.Code § 74.351; *Stockton v. Offenbach*, 336 S.W.3d 610, 614 (Tex. 2011). Section 74.351(a) provides that "[i]n a health care liability claim, a claimant shall, not later than the 120th day after the date the original petition was filed, serve on each party or the party's attorney one or more expert reports." Tex. Civ. Prac. & Rem.Code § 74.351(a). Strict compliance with that provision is mandatory. *Stockton*, 336 S.W.3d at 614. If the claimant does not serve an expert report by the statutory deadline and the parties have not agreed to extend the deadline, the statute requires, with one exception not relevant here, dismissal of the claim with prejudice "on the motion of the affected physician or health care provider." Tex. Civ. Prac. & Rem.Code § 74.351(b).

■ Matters of statutory construction are legal questions that we review de novo. *Tex. W. Oaks Hosp., LP v. Williams*, 371 S.W.3d 171, 177 (Tex.2012). "The aim of statutory construction is to determine and give effect to the Legislature's intent, which is generally reflected in the statute's plain language." *CHCA Woman's Hosp., L.P. v. Lidji*, 403 S.W.3d 228, 231 (Tex. 2013). A word's meaning cannot be determined in isolation, but must be drawn from the context in which it is used. *TGS–NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 441 (Tex.2011).

## III. Discussion

### A. The Meaning of "Party" under the TMLA

■ In his first issue, Zanchi argues that a defendant is not a "party" to an HCLC until he is served with process, waives service, or otherwise appears in a lawsuit. He contends that he did not become a "party" to this lawsuit until September 16, 2010, the day Lane served him with process. As a result, Zanchi argues, Lane did not comply with the requirement in section 74.351(a) that he serve the expert report on a "party" within 120 days of filing suit, and the trial court was required to dismiss Lane's suit. We disagree. We conclude that, in the context of the TMLA, the term "party" means one named in a lawsuit and that service of the expert report on Zanchi before he was served with process satisfied the TMLA's expert-report requirement.

The TMLA does not define the term "party," but provides that "[a]ny legal term or word of art used in this chapter, not otherwise defined in this chapter, shall have such meaning as is consistent with the common law." TEX. CIV. PRAC. & REM. CODE § 74.001(b). This Court has never directly addressed the meaning of the term "party" in the context of the TMLA's expert-report requirement. However, we have stated that "because [a health care provider] was *named in the original petition as a party to this suit*, the [claimants] were required to serve it with a report before the statutory period expired," indicating that one becomes a "party" to an HCLC when named in the lawsuit. *Gardner v. U.S. Imaging, Inc.*, 274 S.W.3d 669, 671 (Tex.2008) (emphasis added). In addition, we have tacitly recognized in other contexts that one can be a "party" to a legal proceeding even though he is not served with process. *See, e.g., In re E.R.*, 385 S.W.3d 552, 563 (Tex.2012) ("If service

is invalid, it is 'of no effect' and cannot establish the trial court's jurisdiction over a party."); *Ross v. Nat'l Ctr. for the Emp't of the Disabled*, 197 S.W.3d 795, 796–98 (Tex.2006) (holding that the "trial court had no jurisdiction either to enter judgment or to enforce it against a party who had neither been properly served nor appeared" and that "the court of appeals erred in finding that a party never served can challenge a default judgment only if he first complies with it"); *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 674 (Tex.2004) (stating that the "remaining party was never served with citation"); *Caldwell v. Barnes*, 154 S.W.3d 93, 97 n. 1 (Tex.2004) ("A party who becomes aware of the proceedings without proper service of process has no duty to participate in them."). These cases confirm that a person can be a "party" to a lawsuit even though, not having been served with process, the person has no duty to participate in, and may not be bound by, the proceedings. We must presume that the Legislature was aware of our construction of the term in enacting the TMLA. *Tooke v. City of Mexia*, 197 S.W.3d 325, 361 (Tex.2006).

Five courts of appeals have previously considered the question of when a defendant becomes a "party" under section 74.351(a), but, unlike the court of appeals here, they all determined that "party" means one who has been named in an HCLC and served with citation and a copy of the petition, accepted or waived such service, or made an appearance. *Key v. Muse*, 352 S.W.3d 857, 860–64 (Tex.App.-Dallas 2011, no pet.); *Carroll v. Humsi*, 342 S.W.3d 693, 701 (Tex.App.-Austin 2011, no pet.); *Dingler v. Tucker*, 301 S.W.3d 761, 766–68 (Tex.App.-Fort Worth 2009, pet. denied); *Carreras v. Zamora*, 294 S.W.3d 348, 350 (Tex.App.-Corpus Christi 2009, no pet.); *Yilmaz v. McGregor*, 265 S.W.3d 631, 640 (Tex.App.-Houston [1st

Dist.] 2008, pet. denied). As explained by the court below, in espousing that definition of "party," those courts of appeals relied principally on *Mapco, Inc. v. Carter*, 817 S.W.2d 686 (Tex.1991) (per curiam), for the common-law formulation of that definition.[1] 349 S.W.3d at 101. Such reliance is misplaced. We recognized in *Mapco* that a party must be served, accept or waive service, or otherwise appear before judgment may be rendered against him. *Mapco*, 817 S.W.2d at 687. The concept of personal jurisdiction, however, is distinct from the concept of party status. Rendering judgment against a party who has not yet been served with process, accepted or waived service, or otherwise appeared raises due process concerns that are not implicated when serving a defendant with an expert report. *See Omni Capital v. Rudolf Wolff & Co.*, 484 U.S. 97, 103–04, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987) (stating that, as a matter of due process, before a court may exercise personal jurisdiction over a defendant the procedural requirement of service of summons must be satisfied). Indeed, our interpretation of "party" does not prejudice the defendant; rather, it gives the defendant advance notice of the pending lawsuit and the alleged conduct at issue. Moreover, nowhere in *Mapco* did we even attempt to define the word party. Zanchi does not point to any other case law, and we can find none, holding that service of process is generally a prerequisite to "party" status.

Recognizing a person named in a filed pleading as a "party" is consistent with dictionary definitions of the term as well as the Texas Rules of Civil Procedure. Black's Law Dictionary defines "party" as "[o]ne by or against whom a lawsuit is brought <a party to the lawsuit>,"

BLACK'S LAW DICTIONARY 1231–32 (9th ed.2009), and Webster's International Unabridged Dictionary defines party as "the plaintiff or defendant in a lawsuit," WEBSTER'S INT'L DICTIONARY UNABRIDGED 1648 (3d ed.2002). Further, the pleading rules in the Texas Rules of Civil Procedure refer to those named in petitions as "parties," supporting a conclusion that service of process is not a prerequisite to that designation. TEX.R. CIV. P. 79 (requiring that a petition list the "parties").

Not only does construing "party" to mean someone named in a lawsuit better comport with the common usage of the term, this construction is particularly persuasive under the TMLA, where "defendant"—a type of party—is statutorily defined as a "physician or health care provider against whom a health care liability claim is asserted," without regard to whether the physician or provider has been served. TEX. CIV. PRAC. & REM.CODE § 74.351(r)(4). This construction also makes sense given that the statutory period to serve an expert report runs from the date of filing the suit, not the date on which citation is served. *Id.* § 74.351(a); *see also Stockton*, 336 S.W.3d at 618–19 (explaining that the purpose of the TMLA would not be frustrated if the Legislature had calculated the expert report deadline from the date of a provider's service or appearance, but that the Legislature chose not to do so). Beginning the period for serving an expert report on the date of filing suggests that a "party" on which to serve the report exists on the date of filing.

Significantly, interpreting "party" to mean one named in the lawsuit best effectuates the purpose of the TMLA, which is "to identify and eliminate frivolous

---

1. That is, these opinions either cite to *Mapco* or reference other opinions that themselves rely on *Mapco*.

[HCLCs] expeditiously, while preserving those of potential merit." *Samlowski v. Wooten,* 332 S.W.3d 404, 410 (Tex.2011) (citing Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.11(b)(1), (3), 2003 Tex. Gen. Laws 847, 884); *see also Leland v. Brandal,* 257 S.W.3d 204, 208 (Tex.2008) (noting that in "section 74.351, the Legislature struck a careful balance between eradicating frivolous claims and preserving meritorious ones"). Defining "party" as one named in the lawsuit, then, does not affect the expert report deadline; it still falls on the 120th day after the original petition is filed. In turn, failure to meet that deadline will result in dismissal of the claim under section 74.351(b). Accordingly, our interpretation ensures that meritorious claims remain viable, while frivolous claims are eliminated quickly, by requiring an expert report early in the proceeding.

■ We turn next to the implications of our interpretation on the objection provision of section 74.351(a), which states that a defendant "whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the 21st day after the date it was served, failing which all objections are waived." Tex. Civ. Prac. & Rem.Code § 74.351(a). Zanchi argues that interpreting "party" as one named in the lawsuit

could create a scenario in which a defendant physician is required to file and serve his objections before he is served with process or otherwise brought under the court's jurisdiction. The court of appeals held that the objection provision is not implicated until the defendant has an obligation to take part in the proceedings and that, as a result, the twenty-one-day objection period does not begin to run until the defendant is served with process. 349 S.W.3d at 102–03. We agree. *See, e.g., Ross,* 197 S.W.3d at 798 ("While diligence is required from properly served parties or those who have appeared, ... those not properly served have no duty to act, diligently or otherwise."); *Caldwell,* 154 S.W.3d at 97 n. 1 (noting that a party has no duty to participate in a proceeding until served with process). While the statute does not expressly provide for tolling the objection period, neither does it expressly insert a 120–day deadline for service of process in an HCLC, which is the practical effect of Zanchi's interpretation. Because the statute does not appear to contemplate the exact factual scenario presented here, neither party's interpretation is without its shortcomings,[2] but the construction we adopt here best fits the common usage of the term "party," does the least damage to

---

2. By contrast, section 74.351(a) was recently amended to change the expert-report deadline to run from the date on which the defendant's answer is filed, rather than from the date on which the petition is filed. Act of May 26, 2013, 83d Leg., R.S., ch. 870, § 2, —— Tex. Gen. Laws ——, ——. The amendment also changes the defendant's deadline to object to the report to twenty-one days after the later of the date the report is served or the date the defendant's answer is filed. *Id.* Specifically, the amended statute provides:

In a health care liability claim, a claimant shall, not later than the 120th day after the date each defendant's original answer is filed, serve on that party or the party's attorney one or more expert reports....

Each defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the later of the 21st day after the date the report is served or the 21st day after the date the defendant's answer is filed, failing which all objections are waived.

*Id.* The amendment does not take effect until September 1, 2013, and thus does not affect this case. *Id.* at ——. However, we note that, under the amended statute, a claimant asserting a health care liability claim will never be required to serve an expert report before the defendant is served with process, waives service, or otherwise appears in the lawsuit.

the statutory language, and best comports with the statute's purpose. *See Gardner,* 274 S.W.3d at 671 (holding, in the default judgment context, that the defendant's failure to appear after proper service of citation tolled the 120–day time period for serving an expert report until the defendant made an appearance).

While we agree with the court of appeals' majority opinion that Zanchi's twenty-one-day period for objecting to the report did not begin to run until he was served with process, we also agree with the concurring opinion that Zanchi's opportunity to raise any objections to the substance of the expert report has passed. *See* 349 S.W.3d at 107. Zanchi could have objected within twenty-one days of service of process and, at the time he was served, had already had the expert report for over twenty-one days. He thus had ample opportunity to prepare his objections, but failed to raise them.[3]

### B. Method of Service of Expert Report

■ In Zanchi's second issue, he argues that in order to "serve" an expert report on a defendant who has not yet been served with process, the claimant must comply with the service-of-citation requirements under Texas Rule of Civil Procedure 106. We disagree. Rule 106 by its terms applies solely to service of citation. Tex.R. Civ. P. 106. If the Legislature had intended to require a claimant to serve an expert report in accordance with Rule 106, it clearly knew how to do so. *See, e.g.,* Tex.Code Crim. Proc. art. 59.04(b) (requiring that, to institute civil forfeiture proceedings, the state's attorney "shall cause certified copies of the notice to be served ... in the same manner as provided for the service of process by citation in civil cases"). We need not decide whether service in a manner other than that authorized by Rule 21a satisfies the TMLA's requirement to "serve" an expert report because, here, Zanchi does not dispute either that Lane sent the expert report on the statutory deadline, via certified mail,[4] or that Zanchi actually received the expert report.[5] *See* Tex.R. Civ. P. 21a.

### IV. Conclusion

■ For the foregoing reasons, we conclude that, under section 74.351(a) of the TMLA, a physician or health care provider against whom an HCLC is asserted is a

3. Neither claimants nor defendants are prejudiced under our interpretation of "party." A claimant with a meritorious claim will not be deprived of his day in court based on a technicality or the gamesmanship of the defendant, and a defendant will always have at least twenty-one days to formulate his objections.

4. Rule 21 a of the Texas Rules of Civil Procedure authorizes service by one of four methods of delivery: (1) in person, by agent, or by courier receipted delivery; (2) by certified or registered mail to the party's last known address; (3) by telephonic document transfer to the recipient's current telecopier number; or (4) by such other manner as the court in its discretion may direct. Tex.R. Civ. P. 21a; *see also Stockton,* 336 S.W.3d at 615. Several courts of appeals have interpreted the word

"serve" in section 74.351(a) to require compliance with Rule 21a. *See, e.g., Breiten v. Shatery,* 365 S.W.3d 829, 832 (Tex.App.-El Paso 2012, no pet.); *Nexion Health at Beechnut, Inc. v. Paul,* 335 S.W.3d 716, 718 (Tex. App.-Houston [14th Dist.] 2011, no pet.); *Univ. of Tex. Health Sci. Ctr. at Houston v. Gutierrez,* 237 S.W.3d 869, 872 (Tex.App.-Houston [1st Dist.] 2007, pet. denied); *Herrera v. Seton Nw. Hosp.,* 212 S.W.3d 452, 459 (Tex.App.-Austin 2006, no pet.); *Kendrick v. Garcia,* 171 S.W.3d 698, 703–04 (Tex.App.-Eastland 2005, pet. denied). Zanchi assumes that, if Rule 106 does not apply, then Rule 21a does.

5. Zanchi generally states that it is "questionable whether the [expert] report was 'served' on Zanchi under Rule 21a." Without more detail, this argument is not preserved.

"party" who may be served with an expert report regardless of whether he has been served with process. We further hold that an expert report need not be "served" in compliance with the formal requirements of Rule 106 that apply specifically to service of citation. Accordingly, we affirm the judgment of the court of appeals.

Justice HECHT filed a concurring opinion.

Justice HECHT, concurring.

Section 74.351(a) of the Texas Civil Practice and Remedies Code requires that a health care liability claimant "shall, not later than the 120th day after the date the original petition was filed, serve on each party or the party's attorney one or more expert reports ... for each physician or health care provider against whom a liability claim is asserted."[1] Otherwise, the claim against that physician or health care provider must be dismissed.[2] Respondents delivered their expert report to petitioners within 120 days of filing suit, but petitioners contend they were not *parties* during that period because they were not served with citation until later, and thus respondents failed to serve "each party or the party's attorney" by the deadline. The Court disagrees.

I join the Court's opinion with this reservation: resolution of the issue cannot turn on the meaning of "party" in the abstract. Sometimes "party" is used to include a person who is named as a defendant in the plaintiff's pleadings but never becomes a formal participant by service, waiver, or appearance.[3] Sometimes the word refers only to actual participants.[4] Sometimes non-participants are treated as if they were parties.[5] The dictionary definitions of "party"—"[o]ne by or against whom a lawsuit is brought",[6] "litigant"[7]— do not suggest whether the person must be, or need not be, an actual, formal participant in a case. In the end, nothing supports the Court's conclusion that "construing 'party' to mean someone named in a lawsuit better comport[s] with the com-

---

1. Tex. Civ. Prac & Rem.Code § 74.351(a). This section was amended by Act of May 26, 2013, 83rd Leg. R.S., ch. 870, § 2, 2013 Tex. Gen. Laws —— [House Bill 658]; this action was commenced before the effective date of this amendment and so is governed by preexisting law. *Id.* at § 3(b).

2. *Id.* § 74.351(b).

3. *E.g. Caldwell v. Barnes*, 154 S.W.3d 93, 97 n. 1 (Tex.2004) ("A party who becomes aware of the proceedings without proper service of process has no duty to participate in them."); Tex.R. Civ. P. 79 ("The petition shall state the names of the parties....").

4. Generally, the discovery rules use "party" to refer only to participants in the lawsuit. *See* Tex.R. Civ. P. 190–205. *See also* Tex. Civ. Prac. & Rem.Code § 37.006 (specifying who must be made parties when declaratory relief is sought); *cf. Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 931 (Tex.2010) (narrowly construing "parties" who must agree to venue in Travis County for an administrative appeal to exclude commission, under Tex. Educ.Code § 21.307(a)(2), which must be made a party on that appeal under another subsection).

5. *In re Lumbermens Mut. Cas. Co.*, 184 S.W.3d 718, 722–725 (Tex.2006) ("Because one who is virtually represented is already deemed to be a party, theoretically it is not required to intervene in order to appeal." (citation and internal quotation marks omitted)); *Motor Vehicle Bd. of Tex. Dep't of Transp. v. El Paso Indep. Auto. Dealers Ass'n, Inc.*, 1 S.W.3d 108, 110 (Tex.1999) (per curiam) (an appellant, though not a party of record in the trial court, may be deemed a party with a right to appeal under the doctrine of virtual representation).

6. Black's Law Dictionary 1231, 1232 (9th ed.2009).

7. Webster's Unabridged Dictionary 1648 (3d ed.2002).

mon usage of the term",[8] a conclusion rejected by five courts of appeals, all trying to follow this Court's precedents.

Nor do other provisions of the Medical Liability Act shed any light on the matter. The one the Court cites, and the only one I see, is Section 74.351(r)(4), which defines "defendant" as someone "against whom a health care liability claim is asserted."[9] Since a "party" entitled to an expert report is a defendant, one can argue that the Legislature had in mind someone against whom a claim has been asserted, though not necessarily served. But one can just as easily argue that if the Legislature had meant for the expert report deadline to apply to anyone against whom a claim is asserted without being served, it would have used "defendant" in Section 74.351(a). By using "party", the argument would go, the Legislature must have intended something different—someone actually in the lawsuit and not merely named as a defendant. If one of these arguments is stronger than the other, it is hard to see which is which.

Only as a last resort does the Court look for guidance to the purpose of the expert report requirement and deadline, which is "to identify and eliminate frivolous health care liability claims expeditiously, while preserving those of potential merit."[10] If "party" in Section 74.351(a) is read to mean only a defendant who has been served, has waived service, or has appeared, then in the situation before us, the claim must be dismissed, not because it is frivolous—the claimants have an expert report showing their claim has merit—but

because the defendants are hard to find. Petitioners' construction of Section 74.351(a) is contradicted, not by the better meaning of "party", if one could be determined, but by the Legislature's stated purpose in enacting the expert report requirement. We have said:

> The cardinal rule in statutory interpretation and construction is to seek out the legislative intent from a general view of the enactment as a whole, and, once the intent has been ascertained, to construe the statute so as to give effect to the purpose of the Legislature. It is recognized that a statute is to be construed with reference to its manifest object, and if the language is susceptible of two constructions, one of which will carry out and the other defeat such manifest object, it should receive the former construction.[11]

"Party" must be interpreted to include a person named but not served, not because that meaning is better in some abstract sense, but because that interpretation is the one that avoids defeating the very statute we are construing.

An interpretation of Section 74.351(a) that results in the dismissal of claims without regard to the merits must be rejected for another reason. "It must be remembered that there are constitutional limitations upon the power of courts to dismiss an action without affording a party the opportunity for a hearing on the merits of his cause, and those limitations constrain the Legislature no less in requiring dis-

---

8.  *Ante* at 378.

9.  Tex. Civ. Prac. & Rem.Code § 74.351(r)(4).

10.  *Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex.2011) (citing Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.11(b)(1), (3), 2003 Tex. Gen. Laws 847, 884).

11.  *Citizens Bank of Bryan v. First State Bank*, 580 S.W.2d 344, 348 (Tex.1979) (internal citations omitted) (cited in Antonin Scalia & Bryan A. Garner, Reading Law 63 (Thomson/West 2012)).

missal." [12]   In Section 74.351(a), the Legislature has in effect authorized a presumption that a claim lacks merit and should be dismissed if the claimant cannot provide a supporting expert report within 120 days after filing suit.   While that presumption may not violate Due Process or Open Courts, the same could not be said for a presumption of no merit based on a claimant's inability to find the defendant within the same time period.   Section 74.351(a) need not, and therefore should not, be interpreted to create a potentially constitutionally infirm presumption.[13]

Appellate courts should apply Section 74.351 consistent with the Legislature's purpose as expressly stated in the Medical Liability Act. Justice Carter's admonition in his concurring opinion in the court of appeals is worth repeating:

> The Legislature determined that expert reports must be filed in order to avoid costly, unnecessary, and unmerited legal proceedings, but unfortunately, in this case, that goal has not been accomplished. Here, a thirty-one-page detailed report from a board-certified anesthesiologist was served within 120 days from the filing of the original petition.   Instead of engaging in expensive and time-consuming trial and appellate litigation attempting to establish that the simple words "party" and "serve" have abstruse meanings, these parties should be preparing for and trying their case.[14]

---

**12.** *Scoresby v. Santillan*, 346 S.W.3d 546, 554 (Tex.2011) (footnote and internal quotation marks, brackets, and ellipses omitted).

**13.** *Stockton v. Offenbach*, 336 S.W.3d 610, 618 (Tex.2011) ("We presume that when enacting legislation, the Legislature intends to comply with the state and federal constitu-

tions, and we are obligated to avoid constitutional problems if possible." (citation and internal quotation marks omitted)).

**14.** 349 S.W.3d 97, 107 (Carter, J., concurring).