ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

September 23, 2014

Mr. Jeff May
Collin County Auditor
2300 Bloomdale Road, Suite 3100
McKinney, Texas 75071

Opinion No. GA-1081

Re: Authority of a local behavioral health authority designated under section 533.0356 of the Health and Safety Code to participate in the Department of State Health Service's vendor selection process to provide services within the authority's local service area  (RQ-1193-GA)

Dear Mr. May:

You ask about the authority of the North Texas Behavioral Health Authority ("NTBHA") to participate in a vendor selection process.[1]  As background, you tell us that the NTBHA has been designated as a "local behavioral health authority" under section 533.0356 of the Health and Safety Code to plan, oversee, and manage the provision of mental health and substance abuse services for a region that covers seven counties in North Texas.  Request Letter at 1–2. You explain that these services are actually provided by a vendor selected by the Texas Department of State Health Services ("DSHS") through a competitive bidding process. *Id.* at 2. You indicate that DSHS will be seeking new proposals from qualified providers to provide the services under contract for 2015 and 2016. *Id.* You state that the NTBHA has been informed by DSHS that the NTBHA may not "participate in the bidding and scoring process" of these services because doing so would constitute a conflict of interest. *Id.* You do not explain on what basis a conflict of interest may exist, and we will not speculate in that regard. *See* 25 TEX. ADMIN. CODE § 412.54(b)(1) (2014) (providing that employees and officers of a local health authority shall not have a conflict of interest in contracts management). We understand you to ask whether the NTBHA has a legal right "to provide guidance and input to DSHS" during the procurement process in accordance with the NTBHA's "legislative mandates." *See* Request Letter at 2–3. Your question turns on a construction of the statutes that grant authority to the NTBHA. To that end, we focus on a statute's plain language, which is the best indicator of legislative intent. *See Zanchi v. Lane*, 408 S.W.3d 373, 376 (Tex. 2013).

---

[1]*See* Letter and Attachments from Mr. Jeff May, Collin Cnty. Auditor, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Mar. 28, 2014), http://www.texasattorneygeneral.gov/opin ("Request Letter" and "Attachments").

At the outset, we note that DSHS "is responsible for administering human services programs regarding" mental health and substance abuse. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 1001.072, .073 (West 2010). For any program that DSHS administers, DSHS is authorized to "award[] contracts" or "select[] service providers" on the basis of "competitive proposals," as well as the "demonstrated competence and qualifications" of potential providers and the reasonableness of the fees for the services to be performed. *Id.* §§ 12.012(a), .0121(c). Nothing in the statutory language governing DSHS's authority over the procurement process requires the input or participation of a local behavioral health authority. *But see id.* § 12.0121(d) (providing that DSHS may consider factors other than those provided in subsection 12.0121(c), but only in an emergency).

Section 533.0356 grants DSHS[2] the authority to "designate a local behavioral health authority in a local service area to provide mental health and chemical dependency services in that area," as well as the discretion to determine "the functions of the authority if designated." *Id.* § 533.0356(b), (g); *see also id.* § 533.0356(i) (providing that DSHS "may adopt rules to govern the operations of local behavioral health authorities"). Specifically, DSHS may delegate to a designated local behavioral health authority "the authority and responsibility for planning, policy development, coordination, resource allocation, and resource development for and oversight of mental health and chemical dependency services in that service area." *Id.* § 533.0356(b). In addition, section 533.0356 provides that a designated authority has "all the responsibilities and duties of a local mental health authority provided by Section 533.035 and by Subchapter B, Chapter 534." *Id.* § 533.0356(b)(1). Section 533.035 provides that the executive commissioner of the Health and Human Services Commission "may delegate to the local authorities the authority and responsibility of the executive commissioner, the commission, or a department of the commission" related to the planning, management, and oversight of services in the relevant area. *Id.* § 533.035(a). Section 533.035 also provides that a local mental health authority may be distributed funds

> to ensure mental health, mental retardation, and chemical dependency services are provided in the local service area. The local authority shall consider public input, ultimate cost-benefit, and client care issues to ensure consumer choice and the best use of public money in:
>
> (1) assembling a network of service providers;

---

[2]Section 533.0356(b) provides that "[t]he department and the commission jointly may designate a local behavioral health authority." TEX. HEALTH & SAFETY CODE ANN. § 533.0356(b) (West 2010). As referenced in Title 7, the department is the Texas Department of Mental Health and Mental Retardation, and the commission is the Texas Commission on Alcohol and Drug Abuse. *Id.* §§ 531.002(6), 533.0356(a). The functions and duties of those entities were transferred by legislative enactment to DSHS. *See* Act of June 1, 2003, 78th Leg., R.S., ch. 198, § 1.26(a), 2003 Tex. Gen. Laws 611, 641.

       (2) making recommendations relating to the most appropriate and available treatment alternatives for individuals in need of mental health or mental retardation services; and

       (3) procuring services for a local service area, including a request for proposal or open-enrollment procurement method.

*Id.* § 533.035(c). Subchapter B of chapter 534 governs the provision of community-based services and directs a mental health authority to use a competitive procurement system and contract model developed by DSHS when contracting with state funds. *Id.* § 534.055(a)–(d).

Pursuant to sections 533.035 and 533.0356, a local behavioral health authority may be delegated the authority and funds to procure and assemble a network of service providers for its region on its own, in which case subchapter B of chapter 534 would require the use of a procurement system and contract model developed by DSHS. But neither statute indicates whether or to what extent a local behavioral health authority must participate in the process of procuring service providers when it has not formally been delegated that authority. Nor does any other statute we are aware of expressly grant a local behavioral health authority the independent authority to participate in that process.[3] Therefore, assuming based on your request that the NTBHA has not been delegated the authority over the solicitation and procurement of service providers that has been reserved by statute to DSHS, we conclude that DSHS has no legal obligation to allow the NTBHA to participate in that process.

---

[3]You include as an attachment to your request a copy of an "Operations Agreement" that "memorialize[s]" the NTBHA's creation and establishes its responsibilities as a local behavioral health authority. Request Letter at 1; *see* Attachments, Exhibit A. By such an agreement, it is possible that the NTBHA is authorized to participate in or provide input and guidance for the procurement process being conducted by DSHS. This office, however, does not construe contracts. Tex. Att'y Gen. Op. No. GA-0690 (2009) at 3–4.

## S U M M A R Y

The North Texas Behavioral Health Authority ("NTBHA") can participate in the solicitation and procurement of service providers in its designated area only to the extent that it has been delegated such authority under sections 533.035 or 533.0356, or by agreement or contract. Otherwise, the Department of State Health Services has no legal obligation to allow the NTBHA to participate in that process.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Stephen L. Tatum, Jr.
Assistant Attorney General, Opinion Committee