ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

May 21, 2014

Jonathan D. Bow, J.D.
Executive Director
State Office of Risk Management
Post Office Box 13777
Austin, Texas  78711-3777

Opinion No.  GA-1061

Re:    Whether  state  agencies,  including
institutions  of  higher  education,  must  obtain
approval  from  the  State  Office  of  Risk
Management  prior  to  purchasing  insurance
coverage  (RQ-1169-GA)

Dear Mr. Bow:

You ask "[w]hether state agencies, including institutions of higher education, that purchase property, casualty or liability insurance coverage, are permitted to purchase such insurance without the approval of the State Office of Risk Management [(SORM)]."[1]

Under chapter 412 of the Labor Code, SORM is directed to "operate as a full-service risk manager and insurance manager for state agencies as provided by Subsection (c)." TEX. LAB. CODE ANN. § 412.011(b)(1) (West Supp. 2013). One of SORM's duties under subsection (c) is to "purchase insurance coverage for a state agency subject to Chapter 501,[2] except for an institution subject to Section 501.022, under any line of insurance other than health or life insurance . . . ." *Id.* § 412.011(c)(2). SORM must also "develop an implementation schedule for the purchase under this section of insurance for state agencies by [SORM and] phase in, by line of insurance, the requirement that a state agency purchase coverage only through [SORM]." *Id.* § 412.011(d). Pursuant to these provisions, you tell us that SORM "sponsors specific lines of

---

[1]Request Letter from Jonathan D. Bow, J.D., to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Nov. 22, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter").

[2]Chapter 501 of the Labor Code is the chapter governing workers' compensation insurance coverage for state employees. TEX. LAB. CODE ANN. §§ 501.001–.050 (West 2006 & Supp. 2013). Chapter 501 defines the term "state agency" as "a department, board, commission, or institution of this state." *Id.* § 501.001(6) (West Supp. 2013); *see also id.* § 412.001(4) (West 2006) (defining "state agency" for chapter 412 as "a board, commission, department, office, or other agency in the executive, judicial, or legislative branch of state government that has five or more employees, was created by the constitution or a statute of this state, and has authority not limited to a specific geographical portion of the state").

insurance" for state agencies, such as property, directors and officers, automobile liability, and volunteer. Request Letter at 2 & n.2. You indicate that SORM has adopted an administrative procedure through which state agencies seek SORM approval of their own insurance purchases. *See id.* at 2; *see also* 28 TEX. ADMIN. CODE §§ 252.301–.313 (2013) ("Reporting and Obtaining Insurance Coverage"). You state that there are instances when a state agency has either purchased insurance outside of SORM's sponsored purchase program or without the approval of SORM or purchased insurance in spite of SORM's disapproval of an exception.[3] Request Letter at 3. In this context, you ask whether state agencies, including institutions of higher education, that purchase property, casualty or liability insurance coverage, may purchase such insurance without the approval of SORM. *Id.* at 4.

As we consider your question, we are mindful that the cardinal rule of statutory construction is to ascertain and give effect to the Legislature's intent as expressed in the statutory text. *See Zanchi v. Lane*, 408 S.W.3d 373, 376 (Tex. 2013). Subsection 412.011(e) provides that "[a] state agency subject to Chapter 501, except for an institution subject to Section 501.022, may not purchase property, casualty, or liability insurance coverage without the approval of the [SORM] board." TEX. LAB. CODE ANN. § 412.011(e) (West Supp. 2013). Subsection 412.011(e) uses the phrase "may not." *Id.* Absent context indicating a contrary meaning, "may not" is usually construed as a prohibition. TEX. GOV'T CODE ANN. § 311.016(5) (West 2013). Here, the prohibition is accompanied by a condition. A state agency is prohibited from purchasing its own property, casualty, or liability insurance "without the approval" of SORM. TEX. LAB. CODE ANN. § 412.011(e) (West Supp. 2013). The statutory text is unambiguous. State agencies subject to section 412.011 may only purchase the identified types of insurance with SORM approval.

The plain language of subsection 412.011(e) contains some exclusions, however. Subsection 412.011(e) expressly does not apply to a state agency that is not subject to chapter 501. *See id.* § 412.011(e), *id.* § 412.052 (West 2006) (providing that chapter 412 does not apply to state agencies that had workers' compensation insurance prior to January 1, 1989); *see, e.g.,*

---

[3]We received a brief disputing the facts presented in the request letter and alleging that SORM is acting beyond the scope of its statutory authority and its administrative rules. *See* Brief from Fernando C. Gomez, J.D., Ph.D., Vice Chancellor & Gen. Counsel, Tex. State Univ. Sys., to Honorable Greg Abbott, at 1–4 (Jan. 16, 2014). In its brief, the Texas State University System ("University") states that SORM is requiring the University to procure excessively costly insurance that does not meet its particular needs. *See id.* at 2–3. This dispute cannot be resolved in an attorney general opinion. *See* Tex. Att'y Gen. Op. No. GA-0750 (2009) at 2 (stating that "a determination as to whether the city complied with relevant law . . . would require the application of the law to a set of disputed facts" and noting the inability of an attorney general opinion to investigate and resolve disputed questions of fact). We note that SORM's rules require it to select lines of insurance based on several factors, including whether the insurance is "necessary to protect the interests of the state" and whether the insurance is "economically advantageous to the state." 28 TEX. ADMIN. CODE § 252.301(b)(4)–(5) (2013). Thus, if the University is correct that it has been prohibited from obtaining insurance that better protects the state's interests at a lower cost, SORM may have a duty to allow the University to obtain such insurance.

*id.* §§ 502.001–.070 ("Workers' Compensation Insurance Coverage for Employees of the Texas A&M System and Employees of Institutions of the Texas A&M System"). By its plain terms, subsection 412.011(e) also does not apply to an institution subject to section 501.022. *See id.* §§ 412.011(e), 501.022 (West Supp. 2013) ("Employees of Component Institutions of Texas Tech University System"). Nor would it apply in the event of an applicable exception elsewhere in Texas statutes. *See, e.g.,* TEX. GOV'T CODE ANN. §§ 811.008 (West 2012) (providing that the Employees Retirement System of Texas may "[n]otwithstanding any other law, . . . self-insure or purchase any insurance in amounts the board considers reasonable and prudent"); 825.103 (West 2012) (excepting, with certain provisos, the Teacher Retirement System from chapter 412).

In summary, under subsection 412.011(e), except for those agencies excluded by chapter 412 or some other law, a state agency subject to chapter 501 of the Labor Code must have SORM approval to purchase property, casualty, or liability insurance.

## S U M M A R Y

Under subsection 412.011(e) of the Labor Code, except for those excluded by chapter 412 or some other law, a state agency subject to chapter 501 of the Labor Code must have State Office of Risk Management approval to purchase property, casualty, or liability insurance.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee