

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

December 21, 2015

The Honorable John Whitmire
Chair, Committee on Criminal Justice
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. KP-0050

Re: Application of Penal Code sections 30.07 and 46.03, relating to the open carry of handguns, to school districts (RQ-0054-KP)

Dear Senator Whitmire:

You ask two questions relating to the open-carry handgun provisions of Penal Code sections 30.07 and 46.03.[1] Specifically, you ask whether "the trespass provision of the new 'Open Carry' law under section 30.07 of the Texas Penal Code . . . appl[ies] to school district property, including parking lots, driveways, sidewalks and walkways[.]" Request Letter at 1. You also ask whether Penal Code subsection "46.03(a)(1) prohibit[s] the carrying of firearms on the grounds of a school district where educational activity is being conducted to include parking lots, driveways, sidewalks or walkways of the school property[.]" *Id.* at 2. Because of the relationship between the two provisions about which you ask, we address your questions together.

Section 30.07 of the Penal Code creates the offense of trespass by a license holder with an openly carried handgun. *See* TEX. PENAL CODE § 30.07(a). A person licensed to carry a handgun under chapter 411 of the Government Code commits an offense if the person enters onto property with an openly carried handgun after receiving notice that entry was forbidden. *Id.* § 30.07(a)(1)–(2). Section 30.07 contains an exception providing that it does not apply to openly carrying a handgun on property that is "owned or leased by a governmental entity and is not a premises or other place on which the license holder is prohibited from carrying the handgun under Section 46.03 or 46.035." *Id.* § 30.07(e). Penal Code section 46.03 identifies places where weapons, including handguns, are prohibited. *See id.* § 46.03(a) (prohibiting "a firearm, illegal knife, club, or prohibited weapon listed in Section 46.05(a)"). Among the places identified as ones from which weapons are prohibited is "the physical premises of a school or . . . *any grounds or building on*

---

[1]*See* Letter from Honorable John Whitmire, Chair, Senate Criminal Justice Comm., to Honorable Ken Paxton, Tex. Att'y Gen. at 1–2 (Sept. 22, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

*which an activity sponsored by a school . . . is being conducted, . . .* whether the school or educational institution is public or private." *Id.* § 46.03(a)(1) (emphasis added).[2]

You state that there is concern that the term "premises" in subsection 30.07(e) may "have the same restrictive definition" as in Penal Code section 46.035. Request Letter at 2. Subsection 46.035(f)(3) defines "premises" to mean a "building or a portion of a building" and expressly excludes "any public or private driveway, street, sidewalk or walkway, parking lot, parking garage, or other parking area." TEX. PENAL CODE § 46.035(f)(3); *see also* Tex. Att'y Gen. Op. No. DM-363 (1995) at 4 (recognizing in this context that "premises" excludes specified grounds around the building). Under subsection 46.035(f)(3), the physical premises of a school encompass only the school buildings and not the surrounding grounds. Nonetheless, subsection 30.07(e) refers to "premises or other place" which means that it includes places other than school buildings if other law so provides. TEX. PENAL CODE § 30.07(e). And Penal Code subsection 46.03(a)(1) is other law providing that weapons are prohibited from "any grounds or building on which an activity sponsored by a school . . . is being conducted." *Id.* § 46.03(a)(1); *see also Zanchi v. Lane*, 408 S.W.3d 373, 376 (Tex. 2013) (stating that a "statute's plain language" is the best indicator of legislative intent). To the extent "any grounds" under subsection 46.03(a)(1) may include a public or private driveway, street, sidewalk or walkway, parking lot, parking garage, or other parking area, such places are ones from which weapons are prohibited by law when an activity sponsored by a school is being conducted. TEX. PENAL CODE § 46.03(a)(1). Conversely, section 46.03 does not prohibit weapons on such places when a school-sponsored activity is not being conducted.

The question whether, and where on school grounds, a school-sponsored activity is occurring involves the resolution of fact questions that are beyond the purview of an attorney general opinion. Tex. Att'y Gen. Op. No. GA-0827 (2010) at 2 ("This office does not determine questions of fact in an attorney general opinion . . . ."). For instance, if a high school utilizes a school parking lot for a band rehearsal, that parking lot would likely fall within the scope of subsection 46.03(a)(1), prohibiting weapons during the time of the rehearsal. Yet, the other parking areas at the school where school activities are not occurring would not fall within subsection 46.03(a)(1) and would not be places where weapons are prohibited. *See* Tex. Att'y Gen. Op. No. DM-363 (1995) at 4 (recognizing that a concern before the Legislature in excluding parking lots and other similar areas from "premises" was to make it not a crime for a person with a concealed handgun to drive into the driveway of a place where handguns were prohibited).

In sum, Penal Code subsection 46.03(a)(1) prohibits weapons, including handguns, from places on which a school-sponsored activity is being conducted, which places can include grounds otherwise excluded from the definition of "premises" such as public or private driveways, streets, sidewalks or walkways, parking lots, parking garages, or other parking areas.[3]

---

[2]Subsection 46.03(a)(1)(B) excepts from this prohibition the carrying of handguns "on the premises of an institution of higher education or private or independent institution of higher education." TEX. PENAL CODE § 46.03(a)(1)(B). As you ask about "property or grounds of K-12 school districts," we do not address any issues related to the carrying of handguns on college campus grounds. *See* Request Letter at 1.

[3]It bears noting that this opinion deals only with the specific statutory provisions on carrying handguns. There is also a broader statutory provision prohibiting the carrying of a handgun, illegal knife, or club in certain circumstances. TEX. PENAL CODE § 46.02(a). This prohibition does not apply to a person licensed to carry a handgun. *See* Act of May 29, 2015, 84th Leg., R.S., ch. 437, § 49(b)(6), 2015 Tex. Gen. Laws 1706, 1722 (to be codified at TEX. PENAL CODE § 46.15(b)).

## S U M M A R Y

Subsection 46.03(a)(1) of the Penal Code prohibits handguns from places on which a school-sponsored activity is occurring, which places can include grounds otherwise excluded from the definition of "premises" such as public or private driveways, streets, sidewalks or walkways, parking lots, parking garages, or other parking areas.

Very truly yours,

KEN PAXTON
Attorney General of Texas


CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee