

## KEN PAXTON
ATTORNEY GENERAL OF TEXAS

March 9, 2015

The Honorable Abelino Reyna
McLennan County Criminal District Attorney
219 North 6th Street, Suite 200
Waco, Texas 76701

Opinion No. KP-0010

Re: Programs to which jurors may donate their juror reimbursement under subsection 61.003(a)(4) of the Government Code (RQ-1224-GA)

Dear Mr. Reyna:

You ask whether subsection 61.003(a)(4) of the Government Code restricts the programs allowed to be considered by jurors for donation of jury reimbursements to only juror counseling programs.[1] Section 61.003 authorizes programs to which a juror may donate the juror's daily reimbursement. *See* TEX. GOV'T CODE ANN. § 61.003(a) (West 2013). Subsections (a)(1)–(3) list specific categories of funds and services to which a juror's donation is permitted. *See id.* § 61.003(a)(1) (crime victims), (2) (child welfare and protective services), (3) (shelter and services to victims of family violence). Subsection 61.003(a)(4) provides that a juror may donate his or her daily reimbursement to

> any other program approved by the commissioners court of the county, including a program established under Article 56.04(f), Code of Criminal Procedure, that offers psychological counseling to jurors in criminal cases involving graphic evidence or testimony.

*Id.* § 61.003(a)(4). You assert the language of the provision is ambiguous because of the final comma, and you question whether the phrase "that offers psychological counseling to jurors in criminal cases involving graphic evidence or testimony" modifies "a program established under Article 56.04(f), Code of Criminal Procedure" or "any other program approved by the commissioners court of the county." Request Letter at 1.

The cardinal rule of statutory construction is to ascertain and give effect to the intent of the Legislature. *Zanchi v. Lane*, 408 S.W.3d 373, 376 (Tex. 2013). "'Legislative intent is best revealed in legislative language.'" *In re Office of Att'y Gen.*, 422 S.W.3d 623, 629 (Tex. 2013) (orig. proceeding) (quoting *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex.

---

[1]*See* Letter from Honorable Abelino Reyna, McLennan Cnty. Crim. Dist. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Sept. 22, 2014), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

2009)).  Statutory words and phrases "shall be read in context and construed according to the rules of grammar and common usage."  TEX. GOV'T CODE ANN. § 311.011(a) (West 2013).

Relevant to the structure of subsection 61.003(a)(4), the doctrine of the last antecedent provides that "a qualifying phrase in a statute . . . must be confined to the words and phrases immediately preceding it to which it may, without impairing the meaning of the sentence, be applied."  *Spradlin v. Jim Walter Homes, Inc.*, 34 S.W.3d 578, 580 (Tex. 2000); *accord In re Guardianship of Finley*, 220 S.W.3d 608, 615 (Tex. App.—Texarkana 2007, no pet.).  "Such words, phrases, and clauses are not to be construed as extending to or modifying others which are more remote."  *In re Guardianship of Finley*, 220 S.W.3d at 615 (quotation marks omitted).  The exception to the doctrine is that when "several words are followed by a clause which is *as much as applicable* to the first and other words as to the last, the clause should be read as applicable to all."  *Id.* (quotation marks omitted).  Under this doctrine, the phrase "that offers psychological counseling to jurors in criminal cases involving graphic evidence or testimony" should be construed to modify only the immediately preceding phrase "a program established under Article 56.04(f), Code of Criminal Procedure" and not as a limitation on the first phrase "any other program approved by the commissioners court of the county" for several reasons.  TEX. GOV'T CODE ANN. § 61.003(a)(4) (West 2013).  First, the fact that article 56.04(f) authorizes a commissioners court to authorize a program identical to that which is described in the last phrase suggests that the last phrase describes the program identified in the immediately preceding phrase and is not as directly applicable to the first phrase.  TEX. CODE CRIM. PROC. ANN. art. 56.04(f) (West Supp. 2014).  Second, the final comma acts in conjunction with the immediately preceding comma to identify and separate the referenced statutory code from the article number and the descriptive phrase.  The two commas setting off "Code of Criminal Procedure" are merely a preferred method of referring to article 56.04(f) *of the* Code of Criminal Procedure.  *See* TEX. LEGISLATIVE COUNCIL DRAFTING MANUAL § 7.61 (Aug. 2014) at 120 (providing examples of citations for Texas Codes, all of which show the particular code set off with commas).[2]

The language of subsection 61.003(a)(4) supports this construction in its use of the term "including."  TEX. GOV'T CODE ANN. § 61.003(a)(4) (West 2013).  The Code Construction Act informs us the term "including" is typically a term of "enlargement."  *Id.* § 311.005(13).  The use of the term here indicates that the entire phrase after "any other program approved by the commissioners court" is intended to be one of enlargement or expansion.  *Id.* § 61.003(a)(4).

Moreover, a construction of the last phrase as the only program that could be approved for juror donation would essentially render the first phrase meaningless because under such a construction the commissioners court would not have the authority to approve "any other program."  *Id.*  Courts will avoid construing a statute in a way that renders its language meaningless.  *See Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 284–85 (Tex. 1999); *see also Tex. Workers' Comp. Ins. Fund v. Del Indus. Inc.*, 35 S.W.3d 591, 593 (Tex. 2000) (acknowledging presumption that "each sentence, clause and word [in a statute] is to be given effect if reasonable and possible" (quotation marks omitted)).  If the Legislature intended the only program that could be approved by the commissioners court to be a juror psychological counseling

---

[2]*Available at* http://www.tlc.state.tx.us.

program, it could have drafted its 2007 amendment of subsection 61.003(a)(4) to achieve that result by deleting the authority for a commissioners court to approve "any other program." It did not do so. *See* Act of May 25, 2007, 80th Leg., R.S., ch. 1378, § 5, 2007 Tex. Gen. Laws 4713, 4715. Instead, the Legislature retained the language giving the commissioners court authority to choose "any other program" and added authority to allow donations to a juror counseling program. *See FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 884–85 (Tex. 2000) (relying on the principle of statutory construction that the Legislature knows how to enact law effectuating its intent). Our construction gives effect to all of the language in subsection 61.003(a)(4).

For these reasons, we conclude that subsection 61.003(a)(4) of the Government Code does not limit the donation of juror reimbursements to only juror counseling programs.

## SUMMARY

Subsection 61.003(a)(4) of the Government Code does not limit the donation of juror reimbursements to only juror counseling programs.

Very truly yours,

KEN PAXTON
Attorney General of Texas


CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee