

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00065-CV

JIMMY NOAH, Appellant

V.

DONALD WIKOFF, M.D., AND WIKOFF UROLOGY, P.A., Appellees

On Appeal from the 62nd District Court
Lamar County, Texas
Trial Court No. 83223

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

In this medical negligence case, Jimmy Noah mailed his statutorily required expert report to Donald Wikoff, M.D., and Wikoff Urology, P.A. (collectively, Wikoff), three days before Noah filed his original petition against Wikoff. The trial court dismissed Noah's claims for failure to timely serve the expert report. Noah appeals, claiming that pre-suit service of the expert report is authorized under Section 74.351(a) of the Texas Civil Practice & Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (West Supp. 2015). Because the Texas Supreme Court's recent decision in *Hebner v. Reddy*, No. 14-0593, 2016 WL 3172644 (Tex. May 27, 2016), controls the disposition of this case, we reverse the trial court's dismissal order and remand this case for further proceedings.

Noah's complaints against Wikoff stem from Wikoff's allegedly unnecessary surgical removal of Noah's healthy left kidney in February 2012 at the Paris Regional Hospital.[1] On February 21, 2014, counsel for Noah mailed Wikoff a pre-suit notice letter advising Wikoff of Noah's medical negligence claim.[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.051(a) (West 2011). An authorization for the release of Noah's medical records and the expert report of Norman Nemoy, M.D., FACS, were enclosed with the letter. Wikoff acknowledged receipt of the letter and the expert report and faxed copies of these documents to his insurance carrier on February 26, 2014. Noah filed his lawsuit against Wikoff on February 24, 2014, and Wikoff was served with

---

[1]Due to complaints of tenderness over the hepatic area, Noah underwent a CT scan at the Choctaw Nation Hospital in January 2012 which revealed the presence of a mass that was potentially renal cell carcinoma. Following the CT scan, Noah was referred to Wikoff, who allegedly failed to perform additional diagnostic testing or evaluation to confirm the impressions of the CT scan before surgical removal of Noah's "healthy left kidney."

[2]The letter was sent by certified mail, return receipt requested, and by first-class mail.

process on February 26, 2014.  Wikoff answered the lawsuit on March 11, 2014.  On September 22, 2014, Wikoff filed a motion to dismiss based on Noah's alleged failure to timely serve his expert report in compliance with Section 74.351.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b) (West Supp. 2015) (requiring dismissal of plaintiff's claim with prejudice and award of attorney fees if plaintiff fails to serve expert report not later than 120th day after defendant files answer).  Noah appeals the trial court's dismissal of his lawsuit, claiming the pre-suit service of Nemoy's report was timely under the statute.

We review a trial court's ruling on a motion to dismiss under Section 74.351 for an abuse of discretion.  *See Am. Transitional Care Ctrs. of Tex.*, *Inc. v. Palacios*, 46 S.W.3d 873, 875 (Tex. 2001).  Under this standard, we defer to the trial court's factual determinations supported by the record, but review de novo the trial court's legal determinations.  *See Zanchi v. Lane*, 408 S.W.3d 373, 376 (Tex. 2013); *Stockton v. Offenbach*, 336 S.W.3d 610, 615 (Tex. 2011).

Section 74.351(a) requires that,

[i]n a health care liability claim, a claimant shall, not later than the 120th day after the date each defendant's original answer is filed, serve on that party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted.  The date for serving the report may be extended by written agreement of the affected parties. Each defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the later of the 21st day after the date the report is served or the 21st day after the date the defendant's answer is filed, failing which all objections are waived.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a).  Wikoff contends that Noah's pre-suit service of the expert report was ineffective because Wikoff was not a party to the lawsuit at the time the report was served.  He thus maintains that Noah failed to timely serve the expert report, entitling

3

Wikoff to dismissal of Noah's claims with prejudice and an award of reasonable attorney fees. In support of this contention, Wikoff maintains that Section 74.351(a) expressly ties service of the expert report to a "party" in an ongoing lawsuit. Because the Texas Supreme Court has defined the term "party" to mean "one named in a lawsuit," *Zanchi v. Lane*, 408 S.W.3d 373, 377 (Tex. 2013), and because Wikoff was not named in Noah's lawsuit until three days after service of the expert report, he concludes that the report does not comply with the statute.

The issue of the validity of pre-suit service of an expert report was recently addressed by the Texas Supreme Court. In *Hebner*, the plaintiffs served an expert report concurrently with a pre-suit notice letter approximately six months before filing their lawsuit. *Hebner*, 2016 WL 3172644, at *1. After suit was filed, the plaintiffs attempted to serve the same report, but mistakenly served a report involving a different claim. *Id*. After the 120-day deadline for service of the report expired, the defendant moved to dismiss the plaintiffs' claims for failing to timely serve the expert report.[3] *Id*. The Texas Supreme Court held,

> Nothing in the Act compels the conclusion that a plaintiff cannot satisfy the expert-report requirement through pre-suit service of an otherwise satisfactory expert report. Moreover, the court of appeals' conclusion frustrates the Act's purpose, which is to eliminate frivolous healthcare-liability claims, not potentially meritorious ones. Therefore, the plaintiffs' mistaken post-suit service of the incorrect expert report is of no consequence—the plaintiffs met their burden with pre-suit service of the correct report.

---

[3]*Hebner* was decided in accordance with the previous version of Section 74.351(a), which provided that the expert report must be served "not later than the 120th day after the date the original petition was filed." Act of May 18, 2005, 79th Leg., R.S., ch. 635, § 1, 2005 Tex. Gen. Laws 1590, 1590 (amended 2013) (current version at TEX. CIV. PRAC. & REM. CODE ANN. §74. 351(a)) (requiring service of expert report not later than 120 days after the defendant's original answer is filed).

*Id.* The parties in *Hebner*, as in this case, disagreed "on whether serving an eventual named party with a qualifying expert report before filing suit . . . meets section 74.351's expert-report deadline." *Id.* at *2. Recognizing that the objective of the statute's expert-report requirement is to "inform . . . the defendant of the specific conduct" of which the plaintiff complains and to "provide . . . a basis for the trial court to conclude the claims have merit," *Id.* at *3 (quoting *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 879 (Tex. 2001)), the court acknowledged that "[p]re-suit service of an expert report, though not required, can only further the statute's objective of encouraging and enabling parties to settle healthcare-liability claims without resorting to the lengthy and expensive litigation process." *Id.*

The court further explained that the assertion "that only a 'party' named in a lawsuit can be properly served with an expert report under section 74.351(a)" imports too narrow a reading of *Zanchi*, because the statute "does not prohibit the plaintiff from serving a report on a party before filing the petition." The court therefore refused to "write such a requirement into the statute's language." *Id.* at *4. Consequently, the court concluded "that Reddy was properly served with [the] correct expert report on August 12, 2011, the same day Reddy received [the] Chapter 74 notice letter and well before the expiration of section 74.351(a)'s 120-day deadline." *Id.*

As in *Hebner*, Noah served his expert report before filing his lawsuit. *Hebner* therefore controls our disposition of this issue. It is undisputed that the expert report was mailed to Wikoff on February 21, 2014, and that Wikoff received the report. It is likewise undisputed that Noah filed his lawsuit against Wikoff on February 24, 2014. Because Noah's pre-suit service of the expert report is not prohibited by the statute, this fact does not render service of the report untimely.

5

*Id.* at *1.  We therefore conclude that, because Noah served his expert report well in advance of the 120-day deadline, the report was timely.  *See id.*; *see* also TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a).[4]

We reverse the trial court's order and remand to the trial court for further proceedings consistent with this opinion.


Josh R. Morriss, III
Chief Justice


Date Submitted:      July 27, 2016
Date Decided:        July 28, 2016

---

[4]Wikoff generally complains that, assuming the report is timely, questions remain regarding when objections to the expert report are due, thus giving Noah an unfair advantage.  We disagree.  The statute is crystal clear.  It provides,

> Each defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the later of the 21st day after the date the report is served or the 21st day after the date the defendant's answer is filed, failing which all objections are waived.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a).  Although *Hebner* was decided under the 2005 version of the statute, the court nevertheless observed that, in accordance with the current version of the statute, "future defendants served with expert reports pre-suit will have 21 days following the filing of their answer in which to object."  *Hebner*, 2016 WL 3172644, at *5.