ACCEPTED
13-15-00362-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
11/2/2015 1:18:06 PM
Dorian E. Ramirez
CLERK

CASE NO. 13-15-00362-CV

IN THE COURT OF APPEALS FOR THE
THIRTEENTH JUDICIAL DISTRICT OF TEXAS
AT CORPUS CHRISTI–EDINBURG, TEXAS

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
11/2/2015 1:18:06 PM
DORIAN E. RAMIREZ
Clerk

McALLEN HOSPITALS, L.P., McALLEN HOSPITALS, L.P. d/b/a
McALLEN MEDICAL CENTER,  McALLEN MEDICAL CENTER,
McALLEN HOSPITALS, L.P. d/b/a SOUTH TEXAS HEALTH SYSTEM
AND SOUTH TEXAS HEALTH SYSTEM,

Appellants

vs.

MARIO RODRIGUEZ AND LUDIVINA IRACHETA, INDIVIDUALLY
AND AS NEXT FRIENDS OF XXXXX XXXXXXXXX, A MINOR,

Appellees

APPEAL FROM CAUSE NUMBER C-2334-12-H
389TH JUDICIAL DISTRICT COURT, HIDALGO COUNTY, TEXAS
JUDGE LETICIA LOPEZ

**APPELLANTS' BRIEF**

Ronald G. Hole
State Bar No. 09834200

HOLE & ALVAREZ, L.L.P.
612 W. Nolana Loop, Ste 370
P.O. Box 720547
McAllen, Texas 78504
Telephone: (956) 631-2891
Telecopier: (956) 631-2415
E-Mail:  Mail@HoleAlvarez.com

ORAL ARGUMENT REQUESTED          November 2, 2015

Russell W. Schell
State Bar No. 17736800
Email: rschell@schellcooley.com
Jennifer G. Martin
State Bar No. 00794233
Email: jmartin@schellcooley.com

SCHELL COOLEY LLP
15455 Dallas Parkway, Suite 550
Addison, Texas 75001
(214) 665-2000
(214) 754-0060 FAX

ATTORNEYS FOR APPELLANTS
McALLEN HOSPITALS, L.P.,
McALLEN HOSPITALS, L.P. d/b/a
McALLEN MEDICAL CENTER,
McALLEN MEDICAL CENTER,
McALLEN HOSPITALS, L.P. d/b/a
SOUTH TEXAS HEALTH SYSTEM
AND SOUTH TEXAS HEALTH
SYSTEM

## IDENTITY OF PARTIES AND COUNSEL

**Appellants/Defendants:**

McAllen Hospitals, L.P., McAllen
Hospitals, L.P. d/b/a McAllen
Medical Center, McAllen Medical
Medical Center, McAllen Medical
Center, McAllen Hospitals, L.P.
d/b/a South Texas Health System
and South Texas Health System
c\o Hole & Alvarez, L.L.P.
P.O. Box 720547
McAllen, Texas 78504-0547

**Counsel for Appellants:**

Ronald G. Hole
Hole & Alvarez, L.L.P.
P. O. Box 720547
McAllen, Texas 78504-0547
Telephone:(956) 631-2891
Telecopier:(956) 631-2415
E-Mail: Mail@Hole&Alvarez.com

Russell W. Schell
Jennifer G. Martin
SCHELL COOLEY LLP
15455 Dallas Parkway, Suite 550
Addison, Texas 75001
(214) 665-2000
(214) 754-0060 FAX

**Appellees/Plaintiffs:**

Mario Rodriguez and Ludivina
Iracheta, Individually and as
Next Friends of XXXXX
XXXXXXXXX, a Minor
c\o Beck\Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77010

**Counsel for Appellees:**

Russell S. Post
Patrice B. Childress
Beck\Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77010
Telephone: (713) 951-3700
Telecopier: (713) 951-3720
E-Mail: rpost@beckredden.com
E-Mail: pchildresst@beckredden.com

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL.. . . . . . . . . . . . . . . . . . . . . . . . . iii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . viii

RECORD REFERENCES.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xi

PARTY REFERENCES.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xi

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xii

ISSUE PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xii

> Did the trial court abuse its discretion by denying Appellant's Motion for Dismissal Pursuant to Section 74.351 of the Texas Civil Practice and Remedies Code when Plaintiffs' expert reports were not timely served?
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xii

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    A.    This Court reviews the decision below for an abuse of discretion, with *de novo* review of pure matters of law.. . . . . . . . . . . . . . 7

    B.    Plaintiffs were required to serve expert reports on the MMC Defendants or their attorney no later than December 5, 2015. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

1.     The Petition against Appellants was filed on August 7, 2013. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

2.     The deadline for service of reports was December 5, 2013. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

C.    Filing reports on October 11, 2013, was not service.. . . . . . . 10

D.    Plaintiffs were required to serve reports in accordance with Rule 21a.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

1.     The MMC Defendants became parties to the lawsuit on August 7, 2013.. . . . . . . . . . . . . . . . . . . . . . . . . . 11

2.     Rule 21a authorizes only four methods of service.. . . . 12

E.    Reports provided to Steve Gonzalez and Edward Castillo were not service of reports upon Appellants or Appellants' counsel.. . . 13

1.     Neither Steve Gonzalez nor Edward Castillo were attorneys of record for the MMC Defendants.. . . . . . . . . . . . . . 14

2.     The MMC Defendants did not agree to extend the deadline to serve expert reports.. . . . . . . . . . . . . . . . . . . . . . 17

3.     Appellees' exhibits do not evidence service of reports on the MMC Defendants.. . . . . . . . . . . . . . . . . . . . . . 19

4.     The reports were not even served on Edward Castillo. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

5.     *Fulp* is dispositive of this case.. . . . . . . . . . . . . . . . . 22

F.    The insurance carrier receiving copies of the report is insufficient to comply with the strict requirements of Section 74.351.. . . . 23

G.    Service of reports on January 17, 2014 was untimely.. . . . . . 24

CONCLUSIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [25](#)

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [26](#)

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [28](#)

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [29](#)

APPENDIX. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [31](#)

INDEX OF APPENDIX. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [32](#)

Tab 1      Order Denying McAllen Hospital Defendants' Motion to Dismiss, entered on August 5, 2015

Tab 2      Letter between Plaintiffs' Counsel and Co-Defendant's Counsel dated October 11, 2013 (Plaintiffs' Exhibit No. 8)

Tab 3      TEX. CIV. PRAC. & REM. §74.351(Vernon Supp. 2003)

# INDEX OF AUTHORITIES

## Cases

*Am. Transitional Care Ctrs. of Texas, Inc. v. Palacios*, 46 S.W.3d 873 (Tex. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Birdwell v. Cox*, 18 Tex. 535 (1857) . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Cayton v. Moore,* 224 S.W.3d 440 (Tex. App.–Dallas 2007, no pet.). . . . . 8

*Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238 (Tex. 1985). . . . 7

*Fulp v. Miller*, 286 S.W.3d 501 (Tex. App.–Corpus Christi 2009, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 12, 22, 23

*Garza v. Carlson*, 398 S.W.3d 848 (Tex. App.–Corpus Christi 2012, pet. denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Goforth v. Bradshaw*, 296 S.W.3d 849 (Tex. App.–Texarkana 2009, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Herrera v. Seton Nw. Hosp.*, 212 S.W.3d 452 (Tex. App.–Austin 2006, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Johnson v. City of Fort Worth*, 774 S.W.2d 653 (Tex. 1989) . . . . . . . . . . 8

*Kendrick v. Garcia*, 171 S.W.3d 698 (Tex. App.–Eastland 2005, pet. denied) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Kennedy v. Hyde*, 682 S.W.2d 525 (Tex. 1984) . . . . . . . . . . . . . . . . . . . 18

*Konasiewicz v. Lomas*, 2015 Tex. App. LEXIS 7853 (Tex. App.–Corpus Christi July 30, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Martinez v. Gonzales*, No. 13-14-00241-CV, 2015 Tex. App. LEXIS 9700 (Tex. App.–Corpus Christi, Sept. 17, 2015, n.p.h.). . . . . . . . . . . . . . . 8

*Offenbach v. Stockton*, 285 S.W.3d 517 (Tex. App.–Dallas 2009), *aff'd,* 336 S.W.3d 610 (Tex. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 24

*Otero v. Alonzo*, No. 13-10-00304-CV, 2011 Tex. App. LEXIS 1559 (Tex. App.–Corpus Christi Mar. 3, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Owens v. Handyside*, No. 01-12-01108-CV, 2015 Tex. App. LEXIS 10426 (Tex. App.–Houston [1st Dist.] Oct. 8, 2015, n.p.h.). . . . . . . . . . . . . . 10

*Padilla v. LaFrance*, 907 S.W.2d 454 (Tex. 1995).. . . . . . . . . . . . . . . . . 19

*Pallares v. Magic Valley Elec. Coop.*, 267 S.W.3d 67 (Tex. App.–Corpus Christi 2008, pet. denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Pessel v. Jenkins*, 125 S.W.3d 807 (Tex. App.–Texarkana 2004, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Petty v. Churner,* 310 S.W.3d 131 (Tex. App–Dallas, 2010, no pet.). . . . . 8

*Salinas v. Dimas*, 310 S.W.3d 106 (Tex. App.–Corpus Christi 2010, pet. denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Stockton v. Offenbach*, 336 S.W.3d 610 (Tex. 2011). . . . . . . . . . . . 8, 9, 25

*Univ. of Tex. Health Sci. Ctr. v. Gutierrez*, 237 S.W.3d 869 (Tex. App.–Houston [1st Dist.] 2007, pet. denied). . . . . . . . . . . . . . . . . . . . 12

*Walker v. Gutierrez*, 111 S.W.3d 56 (Tex. 2003). . . . . . . . . . . . . . . . . . 7

*Zanchi v. Lane*, 408 S.W.3d 373 (Tex. 2013). . . . . . . . . . . . . . . . . . 9, 11

**Statutes**

Tex. Civ. Prac. & Rem. Code § 74.351. . . . . . . . . . . . . . . . . . . 8-11, 23, 25

## Rules

Tex. R. Civ. P. 11. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [18](#)

Tex. R. Civ. P. 21a. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [12](#)

Tex. R. Civ. P. 8. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [23](#)

## Other Authorities

Lamont A. Jefferson, *Trends and Traps in Rules of Civil Procedure*, 70 The Advoc. (Texas) 48 (2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [12](#)

## RECORD REFERENCES

The record in this cause consists of the Clerk's Record (1 volume), a Supplemental Clerk's Record (1 volume) and the Reporter's Record (3 volumes). The Clerk's Record will be referred to as "C.R. __" or "Supp. C.R. __", and the Reporter's Record will be referred to by volume and page, R.R. Vol. __, p. ___. Documents in the Appendix will be referred to as "App. __".

## PARTY REFERENCES

McAllen Hospitals, L.P., McAllen Hospitals, L.P. d/b/a McAllen Medical Center, McAllen Medical Center, McAllen Hospitals, L.P. d/b/a South Texas Health System and South Texas Health System, Appellants herein, are five defendants in the trial court. For ease of reference, such defendants will at times be referred to as "the MMC Defendants" or "Appellants." Mario Rodriguez and Ludivina Iracheta, Individually and as Next Friends of XXXXX XXXXXXXXX, a Minor, Appellees herein, are the plaintiffs in the trial court. For ease of reference, Mario Rodriguez and Ludivina Iracheta, Individually and as Next Friends of XXXXX XXXXXXXXX, a Minor, will at times be referred to as "Plaintiffs" or "Appellees."

## STATEMENT OF THE CASE

The underlying proceeding is a suit for damages alleging a cause of action based upon medical negligence. (C.R. 80-89) Appellants filed a Motion for Dismissal Pursuant to Section 74.351 of the Texas Civil Practice and Remedies Code. (C.R. 249-54) On August 5, 2015, the trial court signed an order denying Appellants' Motion to Dismiss. (C.R. 402) This accelerated interlocutory appeal follows. (C.R. 403-07)

## ISSUE PRESENTED

Did the trial court abuse its discretion by denying Appellant's Motion for Dismissal Pursuant to Section 74.351 of the Texas Civil Practice and Remedies Code when Plaintiffs' expert reports were not timely served?

CASE NO. 13-15-00362-CV

IN THE COURT OF APPEALS FOR THE
THIRTEENTH JUDICIAL DISTRICT OF TEXAS
AT CORPUS CHRISTI–EDINBURG, TEXAS

McALLEN HOSPITALS, L.P., McALLEN HOSPITALS, L.P. d/b/a
McALLEN MEDICAL CENTER,  McALLEN MEDICAL CENTER,
McALLEN HOSPITALS, L.P. d/b/a SOUTH TEXAS HEALTH SYSTEM
AND SOUTH TEXAS HEALTH SYSTEM,

Appellants

vs.

MARIO RODRIGUEZ AND LUDIVINA IRACHETA, INDIVIDUALLY
AND AS NEXT FRIENDS OF XXXXX XXXXXXXXX, A MINOR,

Appellees

APPEAL FROM CAUSE NUMBER C-2334-12-H
389TH JUDICIAL DISTRICT COURT, HIDALGO COUNTY, TEXAS
JUDGE LETICIA LOPEZ

**APPELLANTS' BRIEF**

TO THE HONORABLE JUSTICES OF SAID COURT:

COME NOW McALLEN HOSPITALS, L.P., McALLEN HOSPITALS, L.P.

d/b/a McALLEN MEDICAL CENTER, McALLEN MEDICAL CENTER,

McALLEN HOSPITALS, L.P. d/b/a SOUTH TEXAS HEALTH SYSTEM and

SOUTH TEXAS HEALTH SYSTEM, Appellants in the above-entitled and

numbered cause, and file this Appellants' Brief, and for such brief would

respectfully show unto this Honorable Court as follows:

-1-

**I.**

**<u>STATEMENT OF FACTS</u>**

A chronology of key events will aid the Court in its review:

| August 3, 2012 | Appellees filed Plaintiffs' Original Petition, Chapter 74 Expert Report and Request for Disclosure. (C.R. 30-74) The MMC Defendants were not named as defendants or parties in such petition. (*Id.*) |
|---|---|
| August 7, 2013 | Appellees filed Plaintiffs' First Amended Original Petition. (C.R. 80-89) This is the first pleading asserting health care liability claims against the MMC Defendants. (*Id.*) At no time *prior* to adding Appellants as defendants/parties did Appellees comply with §74.051 of the Texas Civil Practice & Remedies Code. (R.R. Vol. 3, Def. Ex. 5) |
| August 20, 2013 | The MMC Defendants were served with citations and the August 7, 2013 First Amended Original Petition. (R.R. Vol. 3, Def. Ex. 1; R.R. Vol. 2, p. 5) No expert reports were provided or served with the citations. (*Id.*) |

October 11, 2013 — Plaintiffs *filed* the expert reports of Elizer Nussbaum, M.D. and Susan Engleman, R.N. (C.R. 90-207; R.R. Vol. 3, Def. Ex. 2) Such reports were *not* served upon Appellants. (*Id.*) Appellants had not yet made an appearance in this case. (C.R. 208-10) On the same date, Appellees' counsel provided the same reports to Edward Castillo and Steve Gonzalez, the attorneys of record for Co-Defendant RGV Pediatric Care, P.A. (R.R. Vol. 3, Pl. Ex. 8) Such reports were not provided by certified mail, electronic document transfer or in person. (*Id.*)

December 5, 2013 — One hundred and twenty (120) days passed from the date suit was filed against the MMC Defendants. (C.R. 250 & 401; R.R. Vol. 3, Def. Ex. 8)

January 2, 2014 — The MMC Defendants filed their Original Answer. (C.R. 208-10)

January 17, 2014 — The attorney for the MMC Defendants was served with the reports of Eliezer Nussbaum, M.D. and Susan G. Engleman, R.N., MSN, CPCN, AC, PNP,

|  |  |
|---|---|
|  | BC, CLCP, by Plaintiffs' attorney. (R.R. Vol. 2, p. 6; R.R. Vol. 3, Def. Ex. 4) |
| February 5, 2014 | The MMC Defendants filed their Objections to Plaintiffs' Expert Reports. (C.R. 211-18) In such pleading, Appellants asserted they had not been timely served with any expert reports: "[t]hese Defendants were not served with these reports until January 22, 2014, more than one hundred and twenty (120) days after the suit was amended to add them as health care liability Defendants." (*Id.* p. 214) |
| June 30, 2015 | The MMC Defendants filed their Motion to Disqualify asserting that the attorneys for RGV Pediatric Critical Care, P.A. were representing a party adverse to Appellants in the instant case, while still representing Appellants in other cases.[1] (*Id.*) |
| July 8, 2015 | The trial court entered an Order granting the Motion to Disqualify. (C.R. 247-48) |

---

[1] These were the same attorneys that were provided with the expert reports of Dr. Nussbaum and Nurse Engleman by Appellees' attorneys on or about October 11, 2013.

July 20, 2015    The MMC Defendants filed their Motion for Dismissal Pursuant to Section 74.351 of the Texas Civil Practice & Remedies Code.   (C.R. 249-54)

July 23, 2015    Appellees filed their Response to the Motion for Dismissal Pursuant to Section 74.351 of the Texas Civil Practice & Remedies Code.  (C.R. 255-85)

July 31, 2015    The MMC Defendants filed their First Amended Original Answer.  (C.R. 286-98)

August 4, 2015   The MMC Defendants filed their Exhibits in Support of their Motion for Dismissal Pursuant to Section 74.351 of the Texas Civil Practice & Remedies Code.  (C.R. 369-401)

August 5, 2015   An evidentiary hearing was held on The MMC Defendants Motion for Dismissal Pursuant to Section 74.351 of the Texas Civil Practice & Remedies Code. (R.R. Vol. 2, pp. 4-128) That same date, the trial court entered an Order denying the Motion to Dismiss.  (C.R. 402; App. 1)

August 6, 2015   Appellants timely filed their notice of appeal from the denial of their Motion to Dismiss.  (C.R. 403-07)

**II.**

## SUMMARY OF ARGUMENT

The trial court abused its discretion by denying the MMC Defendants' Motion for Dismissal Pursuant to Section 74.351 of the Texas Civil Practice & Remedies Code. Plaintiffs did not serve the statutorily-required expert reports and curricula vitae on the MMC Defendants or their counsel of record within 120 days of filing their petition as mandated by Section 74.351.[2] Plaintiffs attempt to escape mandatory dismissal by pointing to a number of other ways they attempted – but failed – to effect service.  However, none of Plaintiffs' actions – filing the reports with the trial court; providing the reports to Appellants' co-defendant's counsel; providing the report to one of the MMC Defendants' insurance companies; or serving the reports on the MMC Defendants' counsel on January 17, 2014 – effected timely service on the MMC Defendants as required by §74.351.  Plaintiffs cannot avoid the strict dismissal mandate of Section 74.351.

_____

[2]  References to Section 74.351 of the Texas Civil Practice and Remedies Code in this Brief refer to the statutory language effective at the time this suit was filed. The statute now provides, effective for actions commenced on or after September 1, 2013: "In a health care liability claim, a claimant shall, not later than the 120th day after the date **each defendant's original answer is filed**, serve on that party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted."  Tex. Civ. Prac. & Rem. Code § 74.351 (emphasis added).

# III.

# ARGUMENT

## ISSUE (RESTATED)

**The trial court abused its discretion by denying Appellant's Motion for Dismissal Pursuant to Section 74.351 of the Texas Civil Practice and Remedies Code.**

**A.  This Court reviews the decision below for an abuse of discretion, with *de novo* review of pure matters of law.**

A trial court's decision on a motion to dismiss a case under Section 74.351 of the Texas Civil Practice and Remedies Code is reviewed for an abuse of discretion. *Am. Transitional Care Ctrs. of Texas, Inc. v. Palacios*, 46 S.W.3d 873, 878 (Tex. 2001); *Fulp v. Miller*, 286 S.W.3d 501, 505 (Tex. App.–Corpus Christi 2009, no pet.). "A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles." *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003) (quoting *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)); *see also Garza v. Carlson*, 398 S.W.3d 848, 849 (Tex. App.–Corpus Christi 2012, pet. denied) (citing *Palacios*, 46 S.W.3d at 878); *Salinas v. Dimas*, 310 S.W.3d 106, 108 (Tex. App.–Corpus Christi 2010, pet. denied) (citing *Downer*, 701 S.W.2d at 241-42).

A trial court has no discretion to determine what the law is or in applying the law to the facts. *Petty v. Churner,* 310 S.W.3d 131, 134 (Tex. App–Dallas, 2010, no pet.) (citing *Cayton v. Moore,* 224 S.W.3d 440, 445 (Tex. App.–Dallas 2007, no pet.)). The trial court abuses its discretion if it failed to analyze and determine the law correctly or applied the law incorrectly to the facts. *Id.* When the issues presented are purely questions of law, the appellate court should effectively conduct a *de novo* review. *Id.* (citing *Pallares v. Magic Valley Elec. Coop.,* 267 S.W.3d 67, 69–70 (Tex. App.–Corpus Christi 2008, pet. denied); *Johnson v. City of Fort Worth*, 774 S.W.2d 653, 656 (Tex.1989) (holding that "matters of statutory construction are questions of law for the court to decide rather than issues of fact")); *see also Martinez v. Gonzales*, No. 13-14-00241-CV, 2015 Tex. App. LEXIS 9700, *3 (Tex. App.–Corpus Christi, Sept. 17, 2015, n.p.h.).

## B. Plaintiffs were required to serve expert reports on the MMC Defendants or their attorney no later than December 5, 2015.

To proceed with a health care liability claim (HCLC), a claimant must comply with the expert-report requirement of the Texas Medical Liability Act (TMLA). *See* Tex. Civ. Prac. & Rem. Code § 74.351; *Stockton v. Offenbach*, 336 S.W.3d 610, 614 (Tex. 2011). The statute mandates, "[i]n a health care

-8-

liability claim, a claimant shall, not later than the 120th day after the date the original petition was filed, serve on each party or the party's attorney one or more expert reports." Tex. Civ. Prac. & Rem. Code § 74.351. "**Strict compliance with that provision is mandatory**." *Zanchi v. Lane*, 408 S.W.3d 373, 376 (Tex. 2013) (emphasis added) (citing *Stockton*, 336 S.W.3d at 614).

> If the claimant does not serve an expert report by the statutory deadline and the parties have not agreed to extend the deadline, the statute requires, with one exception not relevant here, dismissal of the claim with prejudice "on the motion of the affected physician or health care provider."

*Zanchi*, 408 S.W.3d at 376 (citing Tex. Civ. Prac. & Rem.Code 74.351(b)).

### 1.    The Petition against Appellants was filed on August 7, 2013.

Plaintiffs first alleged medical negligence claims against Appellants in their First Amended Original Petition, filed August 7, 2013.[3] (*Compare* Plaintiffs' Original Petition, at C.R. 30-38, *with* Plaintiffs' First Amended Original Petition, at C.R. 80-89) Thus the clock on the 120-day deadline for

---

[3] Although Appellees previously asserted "[o]n August 20, 2013 Plaintiffs filed their First Amended Original Petition, which named the McAllen entities as Defendants in this action," (C.R. 256), the clerk's record leaves no doubt the Plaintiffs' First Amended Original Petition was filed on August 7, 2013, not August 20, 2013. (C.R. 80, 89) August 20, 2013, was the date citations were served on Appellants. (R.R. Vol. 3, Def. Ex. 1)

the serving of expert reports and curricula vitae on Appellants began on August 7, 2013.

### 2.    The deadline for service of reports was December 5, 2013.

The 120th day after August 7, 2013, was December 5, 2013.  (C.R. 250 & 401; R.R. Vol. 3, Def. Ex. 8) The statute in effect when Appellants were added to this cause required a health care liability claimant to "not later than the 120th day after the date the original petition [is] filed, serve on each party or the party's attorney one or more expert reports."  Tex. Civ. Prac. & Rem. Code § 74.351; *see Owens v. Handyside*, No. 01-12-01108-CV, 2015 Tex. App. LEXIS 10426, *6-7 (Tex. App.–Houston [1st Dist.] Oct. 8, 2015, n.p.h.). Plaintiffs had to serve the MMC Defendants with expert reports no later than December 5, 2013.

### C.    Filing reports on October 11, 2013, was not service.

Appellees *filed* the expert reports of Eliezer Nussbaum, M.D. and Susan G. Engleman, R.N., MSN, CPCN, AC, PNP, BC, CLCP on October 11, 2013. (C.R. 90-207; R.R. Vol. 3, Def. Ex. 4)  Such reports were not served upon the MMC Defendants or their attorney on that date. (*Id.*)

The clear language of the statute required Plaintiffs to "serve" the report upon the MMC Defendants or their attorney. Tex. Civ. Prac. & Rem. Code § 74.351(a). Filing expert reports with the trial court does not meet the strict service requirement of the statute. *See Offenbach v. Stockton*, 285 S.W.3d 517, 522 (Tex. App.–Dallas 2009), *aff'd,* 336 S.W.3d 610 (Tex. 2011); *see also Otero v. Alonzo*, No. 13-10-00304-CV, 2011 Tex. App. LEXIS 1559, *8 (Tex. App.–Corpus Christi Mar. 3, 2011) ("service may not be accomplished under section 74.351 by filing a copy of the expert report with the trial court"). Therefore, filing the expert reports on October 11, 2013, did not meet the strict requirements of the TMLA.

## D. Plaintiffs were required to serve reports in accordance with Rule 21a.

To comply with the TMLA, Plaintiffs had to serve the MMC Defendants with their expert reports pursuant to Rule 21a.

### 1. The MMC Defendants became parties to the lawsuit on August 7, 2013.

The MMC Defendants became parties to the suit when they were first named in Plaintiffs' First Amended Original Petition, filed on August 7, 2013. *Zanchi*, 408 S.W.3d at 377. They were served with citation as of August 20,

2013 (R.R. Vol. 3, Def. Ex. 1). Service of the expert reports after Appellants were parties and served with citation required that the expert reports be served in compliance with Rule 21a of the Texas Rules of Civil Procedure. *Fulp*, 286 S.W.3d at 510 ("the Legislature intended for claimants to comply with rule 21a requirements to fulfill the requirements of section 74.351(a)"); *see also Goforth v. Bradshaw*, 296 S.W.3d 849, 853 (Tex. App.–Texarkana 2009, no pet.); *Univ. of Tex. Health Sci. Ctr. v. Gutierrez*, 237 S.W.3d 869, 872 (Tex. App.–Houston [1st Dist.] 2007, pet. denied).

### 2. Rule 21a authorizes only four methods of service.

This Court has noted:

> Rule 21a authorizes the following four methods for service upon a party: (1) delivery in person, by agent, or courier-receipted delivery; (2) certified or registered mail; (3) telephonic document transfer; or (4) "such other manner as the court in its discretion may direct.

*Fulp*, 286 S.W.3d at 511 (citing Tex. R. Civ. P. 21a). While Rule 21a was amended, effective January 1, 2014, to permit service by regular mail,[4] such was not effective service in 2013. *See Herrera v. Seton Nw. Hosp.*, 212

---

[4] *See* Lamont A. Jefferson, *Trends and Traps in Rules of Civil Procedure*, 70 The Advoc. (Texas) 48, 59 (2015) ("For documents not filed electronically, the notable changes to Rule 21a are the . . . elimination of the 'certified or registered' mail requirement for traditional mail.").

S.W.3d 452, 459 (Tex. App.–Austin 2006, no pet.) (holding that service by regular mail of an expert report did not comply with Texas Rule of Civil Procedure 21a and, therefore, the plaintiff did not serve the expert report within the 120-day period); *Kendrick v. Garcia*, 171 S.W.3d 698, 704 (Tex. App.–Eastland 2005, pet. denied) ("Notice by regular mail is not an authorized method of service under Rule 21a.") (citing *Pessel v. Jenkins*, 125 S.W.3d 807, 810 (Tex. App.–Texarkana 2004, no pet.); *see also Konasiewicz v. Lomas*, 2015 Tex. App. LEXIS 7853, *18 (Tex. App.–Corpus Christi July 30, 2015) (plaintiff failed to demonstrate service in accordance with Rule 21a where the record did not show the physician was "served via certified or registered mail, that the envelopes were postpaid, or that the report was served on [the doctor] by another approved method"). Therefore, the regular mailing of an expert report was not a proper manner of service prescribed by Rule 21a at the time question.

**E. Reports provided to Steve Gonzalez and Edward Castillo were not service of reports upon Appellants or Appellants' counsel.**

Plaintiffs have contended they served the MMC Defendants with the expert reports on or about October 11, 2013. (C.R. 258)

Just one month after seeking and obtaining an extension of time for McAllen to file its original answer, McAllen's counsel agreed, in writing, to accept service of Plaintiffs' Chapter 74 expert reports, which were timely and properly filed and served only fifty two (52) days into the 120-day period for such service.

(C.R. 258-265) However, there are several inaccuracies and problems with such assertion.

### 1. Neither Steve Gonzalez nor Edward Castillo were attorneys of record for the MMC Defendants.

Plaintiffs' counsel asserts, "McAllen's counsel agreed, in writing, to accept service of Plaintiffs' Chapter 74 expert reports." (C.R. 258) In support of this contention, Plaintiffs provided the trial court with a letter signed by both Edward Castillo and Joe Alexander. (C.R. 264-65; R.R. Vol. 3, Pl. Ex. 8; App. 2) The trial court's docket sheet shows Steve Gonzalez and Edward Castillo were attorneys of record for RGV Pediatric Critical Care, P.A., not the MMC Defendants. (C.R. 8-29) Prior to Ronald G. Hole entering an appearance for Appellants (C.R. 208-10), there was never any "designation of attorney in charge"; designation of "attorneys of record"; nor was there any answer, motion or pleading on behalf of the MMC Defendants, or any one of them, filed by Steve Gonzalez or Edward Castillo. (C.R. 8-29) Likewise, there is no indication in the trial court's file of any assertion being made by such

-14-

attorneys that they were ever acting as attorneys of record for the MMC Defendants in the trial court prior to the hearing on Appellants' motion to dismiss. (*Id.*)

During the hearing on Appellants' motion to dismiss, Christine Gaitan-Valdez, the System Risk Management Director for McAllen Medical Center testified:

```
Q.   And in this particular case, who was the
     outside counsel that was retained to
     represent McAllen MedicalCenter?

A.   When?

Q.   At any time.

A.   Ron Hole.

Q.   Okay. And -- with the firm of Hole and
     Alvarez,L.L.P.?

A.   Yes.

Q.   And was there ever any other attorney
     retained to represent McAllen Medical Center
     in connection with this case?

A.   Most recently Russ, Russell Schell.

Q.   Okay. And was that with the firm of Schell
     Cooley, L.L.P.?

A.   Yes.
```

```
Q.   Okay. Have any other attorneys ever been
     retained to represent McAllen Medical Center in
     connection with this case?

A.   No.

*  *  *

Q.   Okay. In this case, did you ever select the Law
     Firm of Gonzalez Castillo or Steve Gonzalez or
     Mr. Castillo to represent McAllen Medical
     Center in connection with this case?

A.   No.
```

(R.R. Vol. 2, pp. 10-11, 14) The evidence before the trial court supports only

one proposition:  Mr. Gonzalez and Mr. Castillo were never attorneys of

record for the MMC Defendants in this case.

Also, nothing in any of the documents admitted into evidence at the

hearing, including the documents from the insurance company (which were

clearly hearsay, not properly authenticated and objected to on those bases

– R.R. Vol.2, p. 84-85), indicate that either Mr. Gonzalez or Mr. Castillo was

ever retained by the insurance company to represent the MMC Defendants

in connection with the underlying medical negligence case.  At best, one of

the e-mails from the insurance company indicates:

> As you and I discussed, ***in the event MMC is involved at a later
> date***, it appears that the JUA coverage would be applicable and

*we would certainly want you there for the defense.* I appreciate you keeping that option available.

(R.R. Vol. 3, Pl. Ex. 2-1) (emphasis added) Another e-mail comments:

> Once I have received the served documents and had an opportunity to review them in conjunction with the JUA policy, I will contact you and/or Steve to discuss the status of the PA's MSJ and the ***possible formal assignment of defense.***

(R.R. Vol. 3, Pl. Ex. 2-2) (emphasis added) As an aside, the insurance company also noted:

> Also, as you know, JUA has a strict policy of not waiving any statutory defenses, i.e. the 120-day expert report deadline.

*Id*.

In summary, neither Steve Gonzalez nor Edward Castillo were retained to represent Appellants at the time of the alleged agreement to accept service of the expert reports.

### 2. The MMC Defendants did not agree to extend the deadline to serve expert reports.

Review of the court's record reveals no evidence of any agreement by the MMC Defendants to extend the deadline to serve expert reports. Moreover, at the time the MMC Defendants filed their Motion to Dismiss, there was nothing in the court's record evidencing an agreement for any person,

attorney, party or entity to accept the expert reports for the MMC Defendants.

(C.R. 8-29) All Rule 11 Agreements entered into during this case have been included in the Clerk's Record. (C.R. pp. 75-76; 77-79; 225-27) None of these Rule 11 Agreements relate to or concern the authorization of any person, entity or attorney to accept the §74.351 reports on behalf of the MMC Defendants.

> Rule 11 of the Texas Rules of Civil Procedure provides:
>
> Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.

Tex. R. Civ. P. 11. This rule has existed since 1840 and has contained the filing requirement since 1877. See *Kennedy v. Hyde*, 682 S.W.2d 525, 526 (Tex.1984) (tracing the history of Rule 11). The rationale for the rule is straightforward:

> Agreements of counsel, respecting the disposition of causes, which are merely verbal, are very liable to be misconstrued or forgotten, and to beget misunderstandings and controversies; and hence there is great propriety in the rule ***which requires that all agreements of counsel respecting their causes shall be in writing, and if not, the court will not enforce them***. They will then speak for themselves, and the court can judge of their import, and proceed to act upon them with safety. The rule is a salutary one, and ought to be adhered to whenever counsel disagree as to what has transpired between them.

*Birdwell v. Cox*, 18 Tex. 535, 537 (1857) (emphasis added); *see also Padilla v. LaFrance*, 907 S.W.2d 454, 459-60 (Tex. 1995).

In the instant case, there was no Rule 11 Agreement authorizing a co-defendant's attorney (who was later disqualified for representing an adverse party to the MMC Defendants at the same time it represented the MMC Defendants in non-related cases – C.R. pp. 247-48) to accept service of the expert reports for the MMC Defendants. If Plaintiffs wanted to serve the expert reports on the MMC Defendants before the MMC Defendants answered or otherwise entered an appearance, Plaintiffs could have served the reports as they served their First Amended Original Petition. Alternatively, if Plaintiffs wanted a binding agreement with the MMC Defendants to allow Steve Gonzalez or Edward Castillo to accept service of the reports for them, they could have obtained a Rule 11 Agreement, signed by the MMC Defendants, granting such authorization. This they did not do.

### 3. Appellees' exhibits do not evidence service of reports on the MMC Defendants.

Appellees contend Exhibits A-C to their response (which were introduced during the hearing as Plaintiffs' Exhibits 6, 9 and 8 respectively) demonstrate that service of expert reports was timely accomplished on the

MMC Defendants.  However, such documents only show that Plaintiffs' counsel and counsel for an adverse co-defendant, RGV Pediatric Critical Care, P.A., engaged in some communications attempting to create a circumstance that could allow Steve Gonzalez to represent the MMC Defendants in the future should his current client, RGV Pediatric Critical Care, P.A., be dismissed from the lawsuit.  (R.R. Vol. 3, Pl. Ex. 2)

After Steve Gonzalez requested an extension of time for the MMC Defendants to file an answer, Plaintiff's counsel e-mailed Steve Gonzalez advising of his assumption that Mr. Gonzalez could accept service of the expert reports on behalf of the MMC Defendants.  (R.R. Vol. 3, Pl. Ex. 7) Eventually, Mr. Castillo advised Mr. Alexander he could accept service of the reports.  (R.R. Vol. 3, Pl. Exs. 2 & 8)

However, the testimony at the hearing and the documents entered into evidence during the hearing make clear that the MMC Defendants never authorized Mr. Castillo or Mr. Gonzalez to accept service of the expert reports on their behalf.  (R.R. Vol. 2, pp. 11-14; R.R. Vol. 2, Def. Ex. 6)  At best, Mr. Gonzalez and Mr. Castillo checked with one of the MMC Defendants' insurance carriers; but there is no evidence the carrier could accept service of the expert reports for the MMC Defendants or to permit another to accept

-20-

the reports. No evidence was offered at the hearing from any insurance carrier representative to support the carrier having authority to allow an attorney to waive the protections of §74.351. Nothing in the contract of insurance (R.R. Vol. 3, Pl. Ex. 4) specifically authorizes, allows or grants any insurance company employee, carrier, attorney or representative to agree to accept expert reports in violation of the mandates of §74.351. Moreover, there is nothing to suggest that any authority the carrier might have to accept service of the expert reports could be delegated to another person, entity or attorney without the consent of the insured. More importantly, however, the statute requires that the reports be served upon the party or the party's attorney, not the party's insurance company. The insurance company for the party cannot be served with the reports on behalf of the health care provider. *See* Section F *infra*.

### 4. The reports were not even served on Edward Castillo.

Despite the major problems noted above, there is also a serious problem with Plaintiffs' contention that they served the MMC Defendants by serving the §74.351 reports on Edward Castillo. Assuming *arguendo* the attorney for Appellants' co-defendant was authorized by the MMC Defendants

to accept service of the expert reports on their behalf, such reports were not *served* on Edward Castillo. Instead, such reports were provided to Mr. Castillo by regular mail.

At the time of the provision of the reports in question to Mr. Castillo, regular mail was not an acceptable method of service under Rule 21a of the Texas Rules of Civil Procedure. *See* Section D(2) *supra*. The reports were not sent to Mr. Gonzalez and Mr. Castillo by certified or registered mail, by personal or courier delivery or by telephonic document transfer. As such, there was no *service* of the reports.

### 5. *Fulp* is dispositive of this case.

This Court's decision in *Fulp v. Miller*, 286 S.W.3d 501 (Tex. App.–Corpus Christi, 2009, no pet.), is squarely on point and dispositive. In that case, Miller's attorney, Preston Henrichson, served another attorney, Rick Lyde, with expert reports in a manner consistent with Rule 21a. *Id.* at 511. However, Steve Gonzalez, not Rick Lyde, filed the hospital's original answer to Miller's petition as the hospital's first appearance in this case. *Id.* Rick Lyde, it was determined, represented the same hospital in connection with another case in which Preston Henrichson was involved. *Id.* at 511-12.

This Court found that, as Gonzalez was the attorney in charge, having made the hospital's initial appearance, Miller was required to serve the expert reports on Gonzalez, in compliance with Rules 8 and 21a. *Id*. Even though Mr. Lyde represented the hospital in an unrelated medical malpractice case, and even though Mr. Henrichson served his expert reports on Lyde under the assumption that Lyde represented the hospital, this Court held, "[c]learly, Miller failed to comply with rule 8 and, in turn, did not comply with section 74.351(a)." *Id.* at 512 (citing Tex. R. Civ. P. 8; Tex. Civ. Prac. & Rem.Code § 74.351(a)). As a result, this Court concluded

> the trial court abused its discretion in denying the Hospital's motion to dismiss. Section 74.351(b) requires that the trial court dismiss Miller's claims as to the Hospital with prejudice and award the Hospital attorney's fees and costs of court.

*Id*. (citing Tex. Civ. Prac. & Rem.Code. § 74.351(b)).

**F.    The insurance carrier receiving copies of the report is insufficient to comply with the strict requirements of Section 74.351.**

Appellees also contend the MMC Defendants were timely served with the expert reports because their insurance carrier received copies of the reports before the 120-day deadline. Not only is the position refuted by the clear statutory language – requiring service on either the party or its attorney

-23-

– but has been soundly rejected. *See Offenbach*, 285 S.W.3d at 521 ("the plain language of the statute requires the expert report to be served 'on each party or the party's attorney,' and does not authorize service on a party's insurance carrier"). As such, Appellees suggestion that the MMC Defendants' insurance carrier received the reports during the 120-day window is of no moment.

## G. Service of reports on January 17, 2014 was untimely.

Plaintiffs' attorney served their purported expert reports on the MMC Defendants' attorney on January 17, 2014, via regular mail. (C.R. 266-67; R.R. Vol. 3, Def. Ex. 4) Service by regular mail complied with Rule 21a, as amended, in January 2014. However, such service was untimely as the 120-day deadline expired on December 5, 2013.

> A claimant must comply with Chapter 74 of the Civil Practice and Remedies Code, when asserting a health care liability claim. Among the statute's requirements is the expert report requirement, which directs a claimant to "serve" an expert report and the expert's curriculum vitae on each party or party's attorney within 120 days of filing suit. Compliance with this provision is mandatory; the claimant must serve an expert report to proceed with a health care liability claim. If the claimant has not served the expert report by the statutory deadline and the parties have not agreed to extend that deadline, "the court, on the motion of the affected physician or health care provider, shall, subject to [an exception not relevant here], dismiss the claim with prejudice.

*Stockton*, 336 S.W.3d at 614-15 (quoting Tex. Civ. Prac. & Rem. Code §74.351) (internal citations and footnotes omitted). It is undisputed that the MMC Defendants did not actually receive a copy of the expert reports prior to the 120-day deadline. (R.R. Vol. 2, p. 11) Thus, the health care liability claim asserted against the MMC Defendants must be dismissed with prejudice.

**V.**

## CONCLUSIONS

Quite simply, Plaintiffs failed to timely serve an expert report. Consequently, the MMC Defendants are entitled to dismissal of Plaintiffs' claims and an award of a reasonable and necessary attorney's fees. The trial court clearly failed to correctly apply the law when it denied the MMC Defendants' Motion for Dismissal. Accordingly, this Court should reverse the order of the trial court and should remand the case with instructions that Plaintiffs' claims against the MMC Defendants should be dismissed with prejudice and an award of attorneys' fees and costs incurred be awarded to the MMC Defendants.

## VI.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellants McALLEN HOSPITALS, L.P., McALLEN HOSPITALS, L.P. d/b/a McALLEN MEDICAL CENTER, McALLEN MEDICAL CENTER, McALLEN HOSPITALS, L.P. d/b/a SOUTH TEXAS HEALTH SYSTEM and SOUTH TEXAS HEALTH SYSTEM prays that the order denying Defendants McAllen Hospitals, L.P.; McAllen Hospitals, L.P. d/b/a McAllen Medical Center; McAllen Medical Center; McAllen Hospitals, L.P. d/b/a South Texas Health System; and South Texas Health System's Motion for Dismissal Pursuant to Section 74.351 of the Texas Civil Practice and Remedies Code be reversed; that this Court remand the case with instructions for the trial court to enter an order that dismisses Appellees' causes of action against Appellants with prejudice; and that awards Appellants the attorneys' fees they are entitled to recover, as prayed for hereinabove, and that this Court grant Appellants such other and further relief to which they may be justly entitled.

Respectfully submitted,
HOLE & ALVAREZ, L.L.P.
P. O. Box 720547
McAllen, Texas 78504
Telephone No.: (956) 631-2891
Telecopier No.: (956) 631-2415


By:   /s/ Ronald G. Hole
     Ronald G. Hole
     State Bar No. 09834200
     **ATTORNEYS FOR APPELLANTS MCALLEN HOSPITALS, L.P.; MCALLEN HOSPITALS, L.P. D/B/A MCALLEN MEDICAL CENTER; MCALLEN MEDICAL CENTER; MCALLEN HOSPITALS, L.P. D/B/A SOUTH TEXAS HEALTH SYSTEM; AND SOUTH TEXAS HEALTH SYSTEM**


## CERTIFICATE OF COMPLIANCE

In compliance with Tex.R.App.P. 9.4(i)(3), I, Ronald G. Hole, hereby certify that this brief contains 5,071 words. I have relied on the word count of the computer program used to prepare this document, WordPerfect Office 11®.


     /s/ Ronald G. Hole
     Ronald G. Hole

## CERTIFICATE OF SERVICE

I, Ronald G. Hole, hereby certify that a true and correct copy of the above Appellants' Brief has, on this the **2ⁿᵈ** day of **November 2015**, been served via **electronic transfer through an online filing service,** to the following counsel of record

*Attorneys for Plaintiffs*
*Mario Rodriguez and Ludivina Iracheta, Individually and as Next Friends of XXXX XXXXXXXXXXX, XX., a Minor*
Russell S. Post
Patrice B. Childress
Beck\Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77010
**E-Mail: rpost@beckredden.com**
**E-Mail: pchildress@beckredden.com**

Joseph R. Alexander, Jr.
Mithoff Law Firm
Penthouse, One Allen Center
500 Dallas, Suite 3450
Houston, Texas 77002
**E-Mail: jalexander@mithofflaw.com**

Brent Cordell
Smith & Hassler
1445 North Loop West, Suite 700
Houston, Texas 77008
**E-Mail:**
**brentcordell@smithhassler.com**

Viola G. Garza
Cowen & Garza, LLP
506 E. Dove Avenue
McAllen, Texas 78504
**E-Mail: viola@cowengarza.com**

*Attorneys for Defendants Hugo F. Carvajal, M.D., Texas Inpatient Pediatrics, P.A., Texas Pedicare, P.A., South Texas Urgent Care, P.L.L.C. d/b/a North Central Urgent Care and Comp. Urgent Care, P.A.*
Douglas M. Kennedy
Brin & Brin, P.C.
623 I-H 10 West
San Antonio, Texas 78201
**E-Mail: dkennedy@brinandbrin.com**

*Attorneys for Defendants*
*RGV Pediatric Critical Care, P.A.*
W. Richard Wagner
Wagner Cario, LLP
7705 Broadway
San Antonio, Texas 78209
**E-Mail: rwagner@wagnercario.com**

*Co-Counsel for Defendants*
*McAllen Hospitals, L.P., McAllen Hospitals, L.P. d/b/a McAllen Medical Center, McAllen Medical Center, McAllen Hospitals, L.P. d/b/a South Texas Health System and South Texas Health System*
Russell W. Schell
Schell Cooley LLP
15455 Dallas Parkway, Suite 550
Addison, Texas 75001
**E-Mail: Rschell@schellcooley.com**

*Guardian Ad Litem*
Eloy Sepulveda
Attorney at Law
716 South Texas Blvd.
Weslaco, Texas 78596
**E-Mail: sepulveda.law@gmail.com**

                /s/ Ronald G. Hole

BCC:ROD-MMC\APP                Ronald G. Hole

# APPENDIX

# INDEX OF APPENDIX

Tab 1      Order Denying McAllen Hospital Defendants' Motion to Dismiss, entered on August 5, 2015

Tab 2      Letter between Plaintiffs' Counsel and Co-Defendant's Counsel dated October 11, 2013 (Plaintiffs' Exhibit No. 8)

Tab 3      TEX. CIV. PRAC. & REM. §74.351(Vernon Supp. 2003)

## CAUSE NO. C-2334-12-H

| | | |
|---|---|---|
| MARIO I. RODRIGUEZ AND LIDUVINA IRACHETA, Individually and as Next Friends Of XXXXX XXXXXX XXXXXXXXX, XX, A MINOR<br>　　　Plaintiffs | §<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| vs. | §<br>§ | 389th JUDICIAL DISTRICT |
| HUGO F. CARVAJAL, M.D.; TEXAS INPATIENT PEDIATRICS, P.A.; TEXAS PEDICARE, P.A.; RGV PEDIATRIC CRITICAL CARE, P.A.; SOUTH TEXAS URGENT CARE, PLLC d/b/a NORTH CENTRAL URGENT CARE; and COMPREHENSIVE URGENCT CARE, P.A.<br>　　　Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | HIDALGO COUNTY, TEXAS. |

## ORDER DENYING McALLEN HOSPITAL DEFENDANTS' MOTION TO DISMISS

CAME ON FOR HEARING this day McAllen Hospital Defendants' Motion to Dismiss and after considering the motion, the responses, the argument of counsel and the applicable law, this court is of the opinion that McAllen Hospital Defendants' Motion to Dismiss should be DENIED; it is therefore

ORDERED that McAllen Hospital Defendants' Motion to Dismiss be and is hereby DENIED; ~~It is further~~

~~ORDERED that the trial of this case will remain as currently set to begin on~~ ~~, 20 .~~

Signed this _5_ day of _August_, 2015

_____
JUDGE PRESIDING

DATE___8/7/15___

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____Deputy 4b

# MITHOFF LAW

RICHARD WARREN MITHOFF, P.C.
JANIE L. JORDAN
SHERIE POTTS BECKMAN
JOSEPH R. ALEXANDER, JR.
WARNER V. HOCKER

OF COUNSEL
    WILLIAM J. STRADLEY
    DAVID H. BURROW

ONE ALLEN CENTER
PENTHOUSE SUITE 3450
500 DALLAS STREET
HOUSTON, TEXAS 77002

TELEPHONE 713-654-1122
FACSIMILE 713-739-8085
www.mithofflaw.com

October 11, 2013

Mr. Steve Gonzales
Mr. Edward Castillo
GONZALEZ & CASTILLO, LLP
1317 E. Quebec Avenue
Mcallen, Texas 78503

> Re:    Cause No. C-2334-12-H; *Mario I. Rodriguez and Ludivina Iracheta, Individually and as Next Friends of Mario Isaias Rodriguez, Jr., A Minor v. Hugo F. Carvajal, M.D., et al.*; in the 389th District Court of Hidalgo County, Texas

Steve and Edward:

Attached please find the following regarding the above referenced matter:

1.    Report of Eliezer Nussbaum, M.D., dated October 9, 2013, and curriculum vitae filed pursuant to Tex. Civ. Prac. & Rem. Code § 74.351; and

2.    Report of Susan Englemen, R.N., dated October 2, 2013, and curriculum vitae filed pursuant to Tex. Civ. Prac. & Rem. Code § 74.351.

This will confirm that you have been authorized by McALLEN HOSPITALS, L.P., McALLEN HOSPITALS, L.P. d/b/a McALLEN MEDICAL CENTER, McALLEN MEDICAL CENTER, McALLEN HOSPITALS, L.P. d/b/a SOUTH TEXAS HEALTH SYSTEM and SOUTH TEXAS HEALTH SYSTEM to accept service of the above expert reports and curricula vitae from Plaintiffs MARIO I. RODRIGUEZ and LUDIVINA IRACHETA, Individually and as Next Friends of MARIO ISAIAS RODRIGUEZ, JR., A Minor, as required by Civil Practice and Remedies Code Section 74.351.

Mr. Steve Gonzales
Mr. Edward Castillo
October 11, 2013
page -2-


This will also acknowledge and confirm that these reports and curricula vitae have been received by you on behalf of McALLEN HOSPITALS, L.P., McALLEN HOSPITALS, L.P. d/b/a McALLEN MEDICAL CENTER, McALLEN MEDICAL CENTER, McALLEN HOSPITALS, L.P. d/b/a SOUTH TEXAS HEALTH SYSTEM and SOUTH TEXAS HEALTH SYSTEM, and that such receipt by you constitutes proper service on such entities as required by Civil Practice and Remedies Code Section 74.351.

Please acknowledge that you have been authorized to accept service of these reports and curricula vitae on behalf of McALLEN HOSPITALS, L.P., McALLEN HOSPITALS, L.P. d/b/a McALLEN MEDICAL CENTER, McALLEN MEDICAL CENTER, McALLEN HOSPITALS, L.P. d/b/a SOUTH TEXAS HEALTH SYSTEM and SOUTH TEXAS HEALTH SYSTEM by signing below and returning to the undersigned.

Thank you very much.

Sincerely,

MITHOFF LAW FIRM

Joseph R. Alexander, Jr.


AUTHORIZED TO ACCEPT SERVICE AS DESCRIBED ABOVE:

Mr. Steve Gonzales
Mr. Edward Castillo


JRA/tmd
Enclosures

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 4. Liability in Tort
      Chapter 74. Medical Liability (Refs & Annos)
        Subchapter H. Procedural Provisions (Refs & Annos)

This section has been updated. Click here for the updated version.

V.T.C.A., Civil Practice & Remedies Code § 74.351

§ 74.351. Expert Report

Effective: September 1, 2005 to August 31, 2013

(a) In a health care liability claim, a claimant shall, not later than the 120th day after the date the original petition was filed, serve on each party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted. The date for serving the report may be extended by written agreement of the affected parties. Each defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the 21st day after the date it was served, failing which all objections are waived.

(b) If, as to a defendant physician or health care provider, an expert report has not been served within the period specified by Subsection (a), the court, on the motion of the affected physician or health care provider, shall, subject to Subsection (c), enter an order that:

(1) awards to the affected physician or health care provider reasonable attorney's fees and costs of court incurred by the physician or health care provider; and

(2) dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim.

(c) If an expert report has not been served within the period specified by Subsection (a) because elements of the report are found deficient, the court may grant one 30-day extension to the claimant in order to cure the deficiency. If the claimant does not receive notice of the court's ruling granting the extension until after the 120-day deadline has passed, then the 30-day extension shall run from the date the plaintiff first received the notice.

(d) to (h) [Subsections (d)-(h) reserved]

(i) Notwithstanding any other provision of this section, a claimant may satisfy any requirement of this section for serving an expert report by serving reports of separate experts regarding different physicians or health care providers or regarding different issues arising from the conduct of a physician or health care provider, such as issues of liability and causation. Nothing in this section shall be construed to mean that a single expert must address all liability and causation issues with respect to all physicians or health care providers or with respect to both liability and causation issues for a physician or health care provider.

(j) Nothing in this section shall be construed to require the serving of an expert report regarding any issue other than an issue relating to liability or causation.

(k) Subject to Subsection (t), an expert report served under this section:

(1) is not admissible in evidence by any party;

(2) shall not be used in a deposition, trial, or other proceeding; and

(3) shall not be referred to by any party during the course of the action for any purpose.

(*l*) A court shall grant a motion challenging the adequacy of an expert report only if it appears to the court, after hearing, that the report does not represent an objective good faith effort to comply with the definition of an expert report in Subsection (r)(6).

(m) to (q) [Subsections (m)-(q) reserved]

(r) In this section:

(1) "Affected parties" means the claimant and the physician or health care provider who are directly affected by an act or agreement required or permitted by this section and does not include other parties to an action who are not directly affected by that particular act or agreement.

(2) "Claim" means a health care liability claim.

(3) [reserved]

(4) "Defendant" means a physician or health care provider against whom a health care liability claim is asserted. The term includes a third-party defendant, cross-defendant, or counterdefendant.

(5) "Expert" means:

(A) with respect to a person giving opinion testimony regarding whether a physician departed from accepted standards of medical care, an expert qualified to testify under the requirements of Section 74.401;

(B) with respect to a person giving opinion testimony regarding whether a health care provider departed from accepted standards of health care, an expert qualified to testify under the requirements of Section 74.402;

(C) with respect to a person giving opinion testimony about the causal relationship between the injury, harm, or damages claimed and the alleged departure from the applicable standard of care in any health care liability claim, a physician who is otherwise qualified to render opinions on such causal relationship under the Texas Rules of Evidence;

(D) with respect to a person giving opinion testimony about the causal relationship between the injury, harm, or damages claimed and the alleged departure from the applicable standard of care for a dentist, a dentist or physician who is otherwise qualified to render opinions on such causal relationship under the Texas Rules of Evidence; or

(E) with respect to a person giving opinion testimony about the causal relationship between the injury, harm, or damages claimed and the alleged departure from the applicable standard of care for a podiatrist, a podiatrist or physician who is otherwise qualified to render opinions on such causal relationship under the Texas Rules of Evidence.

(6) "Expert report" means a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed.

(s) Until a claimant has served the expert report and curriculum vitae as required by Subsection (a), all discovery in a health care liability claim is stayed except for the acquisition by the claimant of information, including medical or hospital records or other documents or tangible things, related to the patient's health care through:

(1) written discovery as defined in Rule 192.7, Texas Rules of Civil Procedure;

(2) depositions on written questions under Rule 200, Texas Rules of Civil Procedure; and

(3) discovery from nonparties under Rule 205, Texas Rules of Civil Procedure.

(t) If an expert report is used by the claimant in the course of the action for any purpose other than to meet the service requirement of Subsection (a), the restrictions imposed by Subsection (k) on use of the expert report by any party are waived.

(u) Notwithstanding any other provision of this section, after a claim is filed all claimants, collectively, may take not more than two depositions before the expert report is served as required by Subsection (a).

**Credits**
Added by Acts 2003, 78th Leg., ch. 204, § 10.01, eff. Sept. 1, 2003. Amended by Acts 2005, 79th Leg., ch. 635, § 1, eff. Sept. 1, 2005.

V. T. C. A., Civil Practice & Remedies Code § 74.351, TX CIV PRAC & REM § 74.351
Current through the end of the 2015 Regular Session of the 84th Legislature

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.